KRENN and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*May 5—May 21, 1914.*

*Criminal law: False pretenses: Information: Sufficiency: Instructions.
to jury.*

1. An information charging in substance, among other things, that
defendants designedly and with intent to defraud obtained from
one R. certain personal property, and also obtained his signature to a bill of sale thereof and to a deed conveying his farm
to one of the defendants, by means of false pretenses and representations that said grantee was a man of great wealth, worth
more than $60,000, and ·of high standing and credit, that two·
notes and a mortgage given by said defendant to R. were good.
and sufficient security for the purchase price of said farm and
property, and that said mortgage conveyed and was a lien upon
said farm and was given to secure the purchase price thereof,.
is *held* to state an offense under sec. 4423, Stats.

2. The representations so alleged were of existing facts, not mere.
promises or expressions of opinion, except the statement as to·
the sufficiency of the notes and mortgage as security, and the·
jury having been properly instructed that that statement did
not constitute false pretenses in any view, there was no prejudicial error.

ERROR to review a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge.  *Affirmed.*

The cause was submitted for the plaintiffs in error on the
brief of *Charles D. Smith,* and for the defendant in error on
that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

KERWIN, J.  The plaintiffs in error were charged in the·
information, among other things, with having on the 5th day
of March, 1913, obtained by false pretenses the signature of
one Charles Rinke to a deed of land and a bill of sale of personal property located in Oconto county, Wisconsin.  There·
was a plea of not guilty and trial before a jury.  The plaintiffs in error were both found guilty as charged in the information and sentenced to one year imprisonment in state's.
prison at Waupun.

Errors are assigned upon which counsel for plaintiffs in error claim reversal.

1. It is insisted that the information should have been quashed because it did not state an offense. It charged in substance that

"on the 5th day of March, A. D. 1913. at said county of Oconto, *James Timmins* and *Henry F. Krenn* did unlawfully, knowingly and designedly, falsely pretend to one Charles Rinke that the said *James Timmins* was a man of great wealth, worth more than $60,000 and of high standing and credit; that the two notes hereinafter mentioned and that a certain mortgage [here the mortgage is described as conveying land in Fond du Lac county, and the notes are also described] . . . both said notes and said mortgage being made to Charles Rinke, and then and there delivered to said Charlie Rinke, *alias* Charles Rinke, were good, sufficient and ample security for the principal and interest mentioned in and evidenced by said promissory notes and that they were good and sufficient security for the purchase price of the farm and personal property of the said Charles Rinke, to wit: [here description of the farm in Oconto county] together with all personal property thereon, save and except the clothing and household equipment of the said Charles Rinke; and that said mortgage conveyed and was a lien upon the last above described real estate and was given to secure the purchase price of the same and the said Charles Rinke believed the said false pretenses aforesaid and being deceived thereby was induced by reason of the false pretenses and representations so made as aforesaid, to deliver, and did then and there deliver to the said *James Timmins* all of the personal property upon his said farm, to wit: six cows, two yearlings, one six-weeks-old calf, two horses, one hundred bushels of corn, seventy chickens, one mower, one drag, and two plows, all of the value of $500, and by reason of the false pretenses and representations so made as aforesaid, the said *Henry F. Krenn* and *James Timmins* did then and there, with intent to defraud, obtain the signature of said Charles Rinke, *alias* Charlie Rinke, to a deed of conveyance of [here describing the farm of Charles Rinke in Oconto county] the face value of $3,000, and the said *Henry F. Krenn* and

*James Timmins* did also then and there, with intent to defraud, by reason of said false pretenses and representations so made as aforesaid, obtain the signature of said Charles Rinke, *alias* Charlie Rinke, to a bill of sale of all the personal property aforesaid, the face value of said bill of sale being $500, and the said *James Timmins* and *Henry F. Krenn* did then and there unlawfully, knowingly and designedly, obtain from said Charles Rinke the property aforesaid and the signature of said Charles Rinke, *alias* Charlie Rinke, to a deed of conveyance and bill of sale aforesaid, with intent then and there to defraud—whereas, in truth and in fact the said *James Timmins* is a man of no financial standing, no credit whatever, and whereas, he is not worth $60,000 or any considerable sum of money whatever, and whereas the said notes and mortgage given to secure the same are of no value whatever, and were not either of them notes at all and did not evidence any liability of *Timmins* or of any one, and the land upon which said mortgage is a lien is incumbered and was incumbered upon and prior to the date of said mortgage for its full value and whereas said mortgage given to secure said note is not a lien upon and does not convey the [here describing the farm of Charles Rinke in Oconto county] but that the same does, on the contrary, in fact in terms convey and is in terms a lien upon [here describing, the farm in Fond du Lac county] subject, however, to prior mortgages, liens, judgments and incumbrances, aggregating the full value of said real estate as the said *James Timmins* and *Henry F. Krenn* then and there well knew, against the peace and dignity of the state of Wisconsin."

This information clearly states an offense under sec. 4423, Stats.

2. It is further insisted by counsel for plaintiffs in error that the evidence was not sufficient to sustain the verdict. It is wholly unnecessary to go into a discussion of the evidence. The record shows that it is ample to support the verdict. Counsel for plaintiffs in error further argues that there was a variance between the information and the proof. We do not so understand the evidence. It is quite clear that the material allegations of the information were proved.

It is also said that the alleged representations were not of an existing fact, but were in the form of a promise or expression of opinion. It will be seen from the material allegations of the information that this position is not well taken. It may well be that the information is not in as good form as might be desired, but under our statutes and practice it is sufficient. Secs. 4706, 2829, 3072, Stats.

While there is some surplusage in the information and perhaps some allegations in the nature of promises or expression of opinion they were not prejudicial here, since the rights of the defendants were sufficiently guarded by the charge, and the jury found the plaintiffs in error guilty of obtaining by false pretenses personal property to the amount of $275 and the signature to a deed of real estate of the value of $2,600, and the court charged the jury that the statute refers to obtaining money, goods, wares, merchandise, or other property by false pretenses and also obtaining the signature of any person to any written instrument the false making whereof would be punishable as forgery; and also charged the jury as to the portion of the information alleging that the defendants falsely represented the mortgage given by said *Timmins* to Rinke was a good and sufficient security for the notes and indebtedness mentioned therein, as follows:

"You are instructed that such representations, if any such were made, are mere expression of opinion and are not a representation of fact and did not constitute false pretenses in any view, and you are not authorized to find the defendants or either of them guilty upon account of any such representations if made."

We are convinced that the charge of the court to the jury was fair, the law correctly stated, and that the plaintiffs in error had a fair trial and that no prejudicial error was committed.

*By the Court.*—The judgment of the court below is affirmed.