STATE of Wisconsin, Plaintiff-Appellant,

v.

Ronald J. DUNN, Defendant-Respondent-Petitioner.

Supreme Court

*No. 83–1129–CR. Argued October 3, 1984.—*
*Decided December 21, 1984.*

(Also reported in 359 N.W.2d 151.)

390

For the defendant-respondent-petitioner there were briefs and oral argument by *Jack E. Schairer,* assistant state public defender.

For the plaintiff-appellant the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

LOUIS J. CECI, J.   This is a review of a decision of the court of appeals[1] reversing an order of the circuit court for Dane county, Mark A. Frankel, circuit judge, following a preliminary examination, which dismissed the action for lack of probable cause to support a bindover on the charge of arson to a building.[2] We affirm the court of appeals decision.

The facts in this case are undisputed.  On February 27, 1983, Madison police arrested the defendant, Ronald

[1] *State v. Dunn,* 117 Wis. 2d 487, 345 N.W.2d 69 (Ct. App. 1984).

[2] Section 943.02(1)(a), Stats., provides as follows:

"**943.02   Arson of buildings; damage of property by explosives.** (1) Whoever does any of the following is guilty of a Class B felony:

"(a) By means of fire, intentionally damages any building of another without his consent; . . ."

J. Dunn, for arson to a building. Pursuant to sec. 970.03, Stats.,[3] a preliminary hearing was held on April 25, 1983, before the Honorable Mark A. Frankel, circuit court judge for Dane county. The state's two witnesses included Edgar Anderson, a fire inspector, and Roger Attoe, a police detective.

Anderson testified that he investigated the scene and found fire damage in the closet of a back bedroom on the second floor of the building. The damaged items included clothing and books in the closet, the walls and doorsill of the closet, and the walls and ceiling of the bedroom. The origin of the fire was the floor area of the closet, but he found no causes of ignition (i.e., electrical sources or heaters). Although he concluded that the clothing had not been placed in a pile in a peculiar manner, and although he found no gasoline-laden rags or inflammatory material in the closet, he felt the fire was "definitely suspicious," because he could not identify the cause of the fire.

Attoe testified that he, too, had investigated the closet that had been burned. He spoke with Dunn, who told him that he had had an argument with his roommate. Dunn admitted to being in the bedroom, throwing lighted matches into his roommate's closet area and leaving the room. Attoe also stated that neither the roommate nor the landlord had given Dunn permission to set fire to their property.

[3] Section 970.03, Stats., provides in part:

"**970.03 Preliminary examination.** (1) A preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant. . . .

"(2) The preliminary examination shall be commenced within 20 days after the initial appearance of the defendant if the defendant has been released from custody or within 10 days if the defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time."

The state's motion for a bindover was denied. The trial court concluded that, although Dunn may have intended to burn his roommate's property because he was angry with him, it could not infer from the evidence that Dunn intended to cause damage to the building. Additionally, the court held that the state had established the misdemeanor of criminal damage to property of Dunn's roommate, but not the felony of destroying property under sec. 943.03, Stats.,[4] because the requisite property damage of $100 or more had not been established.

The issue argued and briefed is whether an examining judge at a preliminary examination is free to choose between competing inferences arising from undisputed historical facts in deciding whether there is probable cause to bind over a defendant.

■ ■

A defendant may be bound over for trial when the evidence at the preliminary hearing is sufficient to establish probable cause that a felony has been committed and that the defendant probably committed it. Section 970.03(1), Stats.[5] Although the right to a preliminary

---

[4] Section 943.03, Stats., provides,

"943.03 **Arson of property other than building.** Whoever, by means of fire, intentionally damages any property (other than a building) of another without the person's consent, if the property is of the value of $100 or more, is guilty of a Class E felony."

[5] The probable cause requirement in Wisconsin's preliminary examination statute dates back to ch. 145, Revised Stats. (1849), which states in pertinent part,

"Sec. 16. If it shall appear to the magistrate upon the whole examination that no offence has been committed, or that there is not *probable cause* for charging the prisoner with the offence, he shall be discharged."

"Sec. 18. If it shall appear that an offence has been committed, and that there is *probable cause* to believe the prisoner guilty, and if the offence be bailable by the magistrate, and the prisoner offer sufficient bail, it shall be taken and the prisoner discharged; but if no sufficient bail be offered, or the offence be not bailable by

examination was unknown to common law, *State ex rel. Durner v. Huegin,* 110 Wis. 189, 239, 85 N.W. 1046 (1901), the practice of a similar procedure was not.

"At common law it was customary, if not obligatory, for an arrested person to be brought before a justice of the peace shortly after arrest. . . . The justice of the peace would 'examine' the prisoner and the witnesses to determine whether there was reason to believe the prisoner had committed a crime. If there was, the suspect would be committed to jail or bailed pending trial. If not, he would be discharged from custody." *Gerstein v. Pugh,* 420 U.S. 103, 114–15 (1975) (citations and footnote omitted).

It is clear that the right to a preliminary examination is solely a statutory right. We have stated that, "The right to such an examination stems purely from statute and is not considered a constitutional right." *State ex rel. Klinkiewicz v. Duffy,* 35 Wis. 2d 369, 373, 151 N.W.2d 63 (1967) (footnote omitted), cited with approval in *State ex rel. Funmaker v. Klamm,* 106 Wis. 2d 624, 633, 317 N.W.2d 458 (1982).[6]

In deciding whether there was probable cause to bind the defendant over for trial, it is helpful to first discuss the purpose of a preliminary examination. Section 970.03(1), Stats., states that the purpose of a preliminary examination is to determine if there is probable cause to believe a felony has been committed by a defendant. Section 970.03(7) then commands the court to bind the defendant over for trial if probable cause is found to exist.

■

The underlying purpose of the examination is to determine whether the defendant should be subjected to

the magistrate, the prisoner shall be committed for trial." (Emphasis added.)

[6] *But see Gerstein v. Pugh,* 420 U.S. at 114, where the United States Supreme Court held that the fourth amendment does require a judicial determination of probable cause as a prerequisite to extended detention following arrest.

criminal prosecution and further deprived of his liberty. This theme is echoed in both old and current decisions. In *Thies v. State,* 178 Wis. 98, 189 N.W. 539 (1922), this court said,

"The object or purpose of the preliminary investigation is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based." *Id.* at 103.

More recently, in *State v. Hooper,* 101 Wis. 2d 517, 305 N.W.2d 110 (1981), we held that a preliminary examination is,

". . . . intended to be a summary proceeding for the purpose of determining whether there is a reasonable probability that the defendant committed a felony and thus 'a substantial basis for bringing the prosecution and further denying the accused his right to liberty.' *State ex rel. Huser v. Rasmussen,* 84 Wis. 2d 600, 606, 267 N.W.2d 285 (1978)." *Hooper,* 101 Wis. 2d at 544–45.

The parties in this case disagree as to what quantum of evidence is necessary at a preliminary hearing to establish to a reasonable probability that the defendant committed a felony. The court of appeals held that the probable cause requirement is satisfied if any reasonable inference supports a conclusion that the defendant probably committed a felony even though there are equally strong inferences to the contrary. In such instance, the state's evidence would not be required to reach the level that guilt is more likely than not. The defendant disagrees with the court of appeals, asserting that a judge at a preliminary hearing must weigh the evidence and choose between conflicting inferences.

A preliminary hearing may require more by way of evidence than other preliminary determinations of probable cause. *Taylor v. State,* 55 Wis. 2d 168, 173, 197 N.W.2d 805 (1972). Starting with the probable cause that is required for a search warrant, we have held that "the term 'probable cause' means less than evidence which would justify condemnation or be competent in a preliminary examination." *State v. Beal,* 40 Wis. 2d 607, 613, 162 N.W.2d 640 (1968). Second, with respect to the probable cause standard for an arrest, "[t]he evidence need not reach the level of proof beyond a reasonable doubt or even that guilt is more likely than not," *State v. Welsh,* 108 Wis. 2d 319, 329, 321 N.W.2d 245 (1982), and "[t]he quantum of evidence necessary for probable cause to arrest is less than that for guilt but is more than bare suspicion," *State v. Drogsvold,* 104 Wis. 2d 247, 254, 311 N.W.2d 243 (Ct. App. 1981) (citation omitted).

Finally, we have held that,

"The probable cause that is required for a bindover is greater than that required for the issuance of an arrest warrant, but guilt beyond a reasonable doubt need not be proven." *State v. Berby,* 81 Wis. 2d 677, 683, 260 N.W.2d 798 (1978) (footnote omitted).

The answer to the issue at hand is derived from our previous decisions which have limited the role of an examining judge at a preliminary examination.

A preliminary hearing as to probable cause is not a preliminary trial or a full evidentiary trial on the issue of guilt beyond a reasonable doubt. *Hooper,* 101 Wis. 2d at 544, and *State ex rel. Evanow v. Seraphim,* 40 Wis. 2d 223, 228, 161 N.W.2d 369 (1968). It is intended to be a summary proceeding to determine

essential or basic facts as to probability. The examining judge is,

". . . concerned with the practical and nontechnical probabilities of everyday life in determining whether there is a substantial basis for bringing the prosecution and further denying the accused his right to liberty." *Huser*, 84 Wis. 2d at 605–06 (citation omitted).

Also, although the judge at a preliminary examination must ascertain the plausibility of a witness's story and whether, if believed, it would support a bindover, the court cannot delve into the credibility of a witness. *Vigil v. State*, 76 Wis. 2d 133, 144, 250 N.W.2d 378 (1977). The issue as to credence or credibility is a matter that is properly left for the trier of fact. *Hooper*, 101 Wis. 2d at 545, citing *State v. Knudson*, 51 Wis. 2d 270, 280–81, 187 N.W.2d 321 (1971); and *State ex rel. Evanow v. Seraphim*, 40 Wis. 2d at 228. We recognize that the line between plausibility and credibility may be fine; the distinction is one of degree. We explained in *Wilson v. State*, 59 Wis. 2d 269, 208 N.W.2d 134 (1973),

"The central approach to the role of the magistrate in determining credibility of witnesses is one of degree. In *Knudson*, the defendant was able to attack the credibility of the state's witness through what amounted to a cross-examination of her, but was not allowed to call in other witnesses to show variances in her story. There is a point where attacks on credibility become discovery. That point is crossed when one delves into general trustworthiness of the witness, as opposed to plausibility of the story. Because all that need be established for a bindover is probable cause, *all that is needed is a believable account of the defendant's commission of a felony.*" 59 Wis. 2d at 294–95 (emphasis added), cited with approval in *State ex rel. Funmaker*, 106 Wis. 2d at 631.

The focus of the judge at a preliminary hearing is to ascertain whether the facts and the reasonable in-

ferences drawn therefrom support the conclusion that the defendant probably committed a felony. If inferences must be drawn from undisputed facts, as in this case, only reasonable inferences can be drawn. We stress that a preliminary hearing is not a proper forum to choose between conflicting facts or inferences, or to weigh the state's evidence against evidence favorable to the defendant. *State ex rel. Evanow,* 40 Wis. 2d at 228. That is the role of the trier of fact at trial. If the hearing judge determines after hearing the evidence that a reasonable inference supports the probable cause determination, the judge should bind the defendant over for trial. Simply stated, probable cause at a preliminary hearing is satisfied when there exists a believable or plausible account of the defendant's commission of a felony.[7]

Requiring an examining judge to bind a defendant over for trial when there exists a set of facts that supports a reasonable inference that the defendant probably committed a felony sufficiently satisfies the purpose for preliminary hearings, i.e., that the accused is not being prosecuted too hastily, improvidently, or maliciously and that there exists a substantial basis for bringing the prosecution. The state agrees, affirming in its brief the screening function of the preliminary hearing, and recognizes that "[i]f the inference that the accused committed a felony is so weak that drawing it still does not establish a plausible account of probable guilt, it is within the discretion of the magistrate to decline to find probable cause to bind him over for trial."

We must now consider whether the court of appeals correctly reversed the ruling of the trial court. In doing

---

[7] This does not mean that the examining judge must consider only the evidence most favorable to the state. *See, State ex rel. Funmaker,* 106 Wis. 2d at 631.

so, we will examine the factual record *ab initio* and decide, as a matter of law, whether the evidence constitutes probable cause. *State v. Williams,* 104 Wis. 2d 15, 22, 310 N.W.2d 601 (1981).

In the present case, the historical facts are undisputed—the defendant was angry with his roommate, he threw lighted matches into his roommate's closet area, and he left the room. To prove the crime of arson, the state must show that the defendant intentionally caused damage to a building by means of a fire.[8] Section 943.-02(1)(a), Stats. What is disputed here is whether Dunn intended to set fire to the buillding. Because there is no direct evidence of Dunn's actual intent, the defendant's intent is necessarily inferred from the historical facts. The examining judge concluded that Dunn may have intended to burn his roommate's personal property, but that he could not infer from the evidence that Dunn intended to cause damage to the building.

After reviewing the factual record, we affirm the court of appeals in their holding that, as a matter of law, it is reasonably probable that the defendant committed arson and that the examining judge erred in dismissing the complaint.

As stated above, the element that is disputed here is the element of intent.

---

[8] Elements of arson to a building, as defined by Wis. J I—Criminal 1404 (1980), are:

"First, that the defendant damaged a building by means of fire;

"Second, that the defendant did so intentionally;

"Third, that the building belonged to another person;

"Fourth, that the defendant damaged such building without the owner's consent;

"Fifth, that the defendant knew that the building belonged to another person and knew that the other person did not consent to the damage of the property."

"By its very nature, intent is an elusive element and is rarely susceptible to proof by direct evidence. *Garcia v. State,* 73 Wis. 2d 174, 183, 242 N.W.2d 919 (1976). Because one generally intends the consequences of his acts, intent can often be inferred from those acts and their consequences." *State v. Marshall,* 92 Wis. 2d 101, 123, 284 N.W.2d 592 (1979) (footnote omitted).

The consequence of Dunn's act of throwing lighted matches onto a pile of clothing and books was that a fire ensued. The defendant was angry with his roommate, and it is reasonable to say that he probably intended to damage his roommate's personal belongings. The examining judge had no trouble in reaching that conclusion. It is equally reasonable to say that Dunn probably intended to damage the interior of the closet and the bedroom, as well. The practical probabilities of everyday life suggest that if a pile of clothing and books inside a closet is set on fire, the interior and exterior of the closet may also be damaged by the fire. Depending upon the particular circumstances, once a pile of personal property lying on a closet floor has been set on fire, the flames will not necessarily extinguish themselves after they have consumed those articles alone. Dunn left the building after he threw the matches into the closet. This eliminated any opportunity for him to stop a fire from spreading into the bedroom, and, therefore, it is reasonable to conclude that Dunn intended to damage his roommate's bedroom in addition to his roommate's personal belongings.

We hold that there exists a believable or plausible account of Dunn's commission of arson, and, thus, probable cause for purposes of the preliminary hearing is satisfied, despite any existence of inferences to the contrary. There is a substantial basis for subjecting Dunn to a trial at which his guilt or innocence can be determined by a trier of fact.

*By the Court.*—The decision of the court of appeals is affirmed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion. ·