**54**

STATE of Wisconsin, Plaintiff-Appellant,

v.

Dennis WEISTER, Defendant-Respondent.

[Case No. 84–022–CR.]

STATE of Wisconsin, Plaintiff-Appellant,

v.

Vivian DEFORD, Defendant-Respondent.†

[Case No. 84–023–CR.]

Court of Appeals

*Nos. 84–022–CR, 84–023–CR.*
*Submitted on briefs November 9, 1984.—Decided May 16, 1985.*
(Also reported in 370 N.W.2d 278.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

For the defendant-respondent Dennis Weister the cause was submitted on the brief of *Gregory R. Hunsader* and *Hempe & Hunsader, S.C.* of Janesville.

For the defendant-respondent Vivian DeFord the cause was submitted on the brief of *E. L. Nash* of Janesville.

Before Gartzke, P.J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

BEILFUSS, Reserve Judge. This is a consolidated appeal by the state from orders in which the trial court concluded that the evidence presented at a preliminary examination was insufficient to establish probable cause to believe defendants Weister and DeFord committed felonies. The defendants were each charged with three counts of fraudulently obtaining signatures on writings as principals and as parties to a crime, secs. 943.39 (2) and 939.05, Stats., and one count of conspiring to do the same.[1] The issue is whether sec. 943.39 (2) requires that

[1] Count I of the complaints alleges that defendants, with intent to defraud and by means of deceit, obtained a Shopko employee's signature on refund slip number 147763 that authorized cash payment to Weister contrary to sec. 943.39 (2), Stats., as principals and as parties to a crime.

Count II of the complaints alleges that defendants, with intent to defraud and by means of deceit, obtained a Shopko employee's signature on refund slip number 147765 that authorized cash payment to DeFord contrary to sec. 943.39 (2), Stats., as principals and as parties to a crime.

Count III of the complaints alleges that the defendants conspired with intent to defraud and by means of deceit to obtain a Shopko employee's signature on refund slip number 217174 that

the writings be forged under sec. 943.38(1), or whether the writings need only be the type that, if falsely made, could be the subject of a forgery prosecution.

Section 943.39(2), Stats., proscribes the intentional defrauding by deceitful acquisition of a signature to a writing where that writing is the subject of forgery under sec. 943.38(1):[2]

Whoever, with intent to injure or defraud, does any of the following is guilty of a Class D felony:

. . . .

(2) By means of deceit obtains a signature to a writing which is the subject of forgery under s. 943.38(1); or . . .

Sec. 943.39.

The defendants allegedly shoplifted items from several Shopko stores, returned the items, and obtained em-

authorized cash payment to DeFord contrary to sec. 943.39(2), Stats., as principals and as parties to a crime.

Count IV of the complaints alleges that the defendants, with intent to defraud and through Weister's falsely filling out a refund slip, obtained a Shopko employee's signature on refund slip number 217122 that authorized cash payment to Weister contrary to sec. 943.39(2), Stats., as principals and as parties to a crime.

[2] Section 943.38(1), Stats., provides:

Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, is guilty of a Class C felony:

(a) A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; or

(b) A public record or a certified or authenticated copy thereof; or

(c) An official authentication or certification of a copy of a public record; or

(d) An official return or certificate entitled to be received as evidence of its contents.

ployee signatures on refund slips refundable for cash or exchange. The trial court concluded the evidence was insufficient to establish probable cause because the state failed to present evidence that the writings, i.e. refund slips, were forged.

The state contends that sec. 943.39(2), Stats., only requires that the writing be the kind that, if falsely made, could be the subject of a forgery prosecution under sec. 943.38(1), and that the evidence was sufficient under that interpretation of sec. 943.39(2) to support a finding of probable cause.

The defendants contend that no evidence was offered to support the counts alleging that they conspired or were parties to the crime under sec. 943.39(2), Stats. They concede that a finding of probable cause for direct commission of the act depends on a determination of whether sec. 943.39(2) requires that the writing be forged. They contend sec. 943.39(2) requires proof that the writing was forged, and that the trial court's decision not to bind over was, therefore, correct.[3]

The supreme court recently stated in *State v. Dunn*, 121 Wis. 2d 389, 359 N.W.2d 151 (1984):

---

[3] The defendants' arguments are specifically directed at the individual counts. Defendant DeFord contends that no evidence was offered to support the charges in counts I and IV that defendant DeFord conspired or was a party to the crime. Defendant DeFord concedes that a finding of probable cause in counts II and III rests on a determination of whether sec. 943.39(2), Stats., requires that the writing be forged. DeFord contends sec. 943.39(2) requires a showing that the writing was forged, and that the trial court's decision not to bind over was, therefore, correct.

Defendant Weister contends that no evidence was offered to support the charges in counts II, III, and IV that defendant Weister conspired or was a party to a crime. Weister, like defendant DeFord, concedes that probable cause for his direct commission of the act alleged in count I is dependent upon construction of sec. 943.39(2), Stats. He contends, as does DeFord, that sec. 943.39(2) requires showing of a forged writing.

A preliminary hearing as to probable cause is not a preliminary trial or a full evidentiary trial on the issue of guilt beyond a reasonable doubt.

. . .

The focus of the judge at a preliminary hearing is to ascertain whether the facts and the reasonable inferences drawn therefrom support the conclusion that the defendant probably committed a felony.

*Id.* at 396, 397–98, 359 N.W.2d at 154, 155. The interpretation of sec. 943.39(2), Stats., is a question of law, and the facts are undisputed. We therefore review the record independently to determine whether the evidence establishes probable cause. *See Dunn,* 121 Wis. 2d at 399, 359 N.W.2d at 155.

Section 943.39(2), Stats., proscribes the intentional defrauding by deceitful acquisition of a signature to a writing where that writing is the subject of forgery under sec. 943.38(1). The refund slips fit the definition of a writing contained in sec. 943.38(1)(a):

A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights; . . .

Section 943.39(2) suggests that the writing need not be forged, but need only be a writing under sec. 943.38(1) which, if falsely made, could be the basis for a forgery prosecution. However, reasonably well-informed persons could understand the statute differently, and construction of the statute is, therefore, necessary. *Hurst v. State,* 72 Wis. 2d 188, 195, 240 N.W.2d 392, 397 (1976).

Case law addressing the issue here is sparse, but one decision interpreting an early predecessor to sec. 943.39 (2), Stats., implicitly holds that a forgery is not an element of the crime. Section 4423, Stats. (1913), like sec. 943.39(2), proscribed the deceitful acquisition of a signature intended to defraud:

*Any person who shall designedly, by any false pretenses or by any privy or false token and with intent to defraud,* obtain from any other person any money, goods, wares, merchandise, or other property, or *shall obtain with such intent the signature of any person to any written instrument, the false making whereof would be punishable as forgery,* shall if the amount of money or other property so received or the face value of such written instrument shall exceed the sum of one hundred dollars, be punished by imprisonment in the state prison not more than five years nor less than one year, or by imprisonment in the county jail not more than one year, or by fine not exceeding one thousand dollars or less than two hundred dollars, and if the amount of money or property so received or face value of such written instrument so procured, shall not exceed the sum of one hundred dollars, he shall be punished by imprisonment in the state prison or county jail not more than one year, or by fine not exceeding two hundred dollars. [Emphasis added.]

Sec. 4423, Stats. (1913). The supreme court upheld a conviction under sec. 4423, Stats. (1913), in *Krenn v. State,* 157 Wis. 439, 147 N.W. 367 (1914). The defendants in *Krenn* were convicted for obtaining a signature to a deed of conveyance and bill of sale with false pretense and intent to defraud. The crime was complete without proof of a forgery.[4]

---

[4] The legislative history of sec. 943.39(2), Stats., enhances the persuasiveness of *Krenn v. State,* 157 Wis. 439, 147 N.W. 367 (1914). The predecessor to sec. 943.39(2) construed in *Krenn* was first amended in 1953 to read as follows:

343.33 FRAUDULENT WRITINGS. Any of the following may be fined not more than $1000 or imprisoned not more than 5 years or both:

. . .

(3) Whoever by means of deceit and with intent to defraud obtains a signature to a writing *purporting to have legal efficacy.* (Emphasis added.)

Ch. 623, Laws of 1953. The Legislative Council introduced this change in a bill which was accompanied by the Council's "comment" that the statute was simply a restatement of previous

Requiring proof of a forgery would be unreasonable because forgery is a class C felony, a greater crime than sec. 943.39(2), Stats., a class D felony. In construing statutes, related sections are to be considered, *Mazurek v. Miller*, 100 Wis. 2d 426, 431, 303 N.W.2d 122, 125 (Ct. App.), *cert. denied*, 454 U.S. 896 (1981), and absurd or unreasonable results avoided. *State v. Wachsmuth*, 73 Wis. 2d 318, 326, 243 N.W.2d 410, 415 (1976). The defendant's construction of sec. 943.39(2), which requires proof of a "greater included offense," is unreasonable.

statutes. *See* A.B. 100, 1953 Adjourned Sess. (Comment to Section 343.33: Fraudulent Writings.)

A second amendment of the statute occurred in 1955 that put the statute in its approximate present form, as follows:

943.39 FRAUDULENT WRITINGS. Whoever, with intent to injure or defraud, does any of the following may be fined not more than $2,500 or imprisoned not more than 3 years or both:
. . .

(3) By means of deceit obtains a signature to a writing *which is the subject of forgery* under sec. 943.38(1); or . . . (Emphasis added.)

*See* Ch. 696, Laws of 1955. The existent legislative history record does not indicate why the underscored language was chosen over the "legal efficacy" language of the 1953 version, other than that the "legal efficacy" language was disfavored for its broadness and was deleted from the forgery statute and, to make the statutes parallel, the fraudulent writings statute. *See* 5 *Wis. Legis. Council and Council Comms., 1953–55*, Criminal Code Advisory Committee Minutes for Aug. 21, 1954, at 9, 10; March 25, 1955, at 8, 9.

One commentator stated that the 1955 version was also just a restatement of prior statutes. *See* Baldwin, *Criminal Misappropriations in Wisconsin—Part II*, 44 Marq. L. Rev. 430, 468 (1961). If the assertions are correct that no substantive changes were intended in the 1953 and 1955 revisions, then present day sec. 943.-39(2), Stats., is a restatement of the law in existence prior to 1953. The only substantive change in the precursor to sec. 943.39 (2) after 1955 affected the penalty and not the elements of the crime. *See* sec. 82, ch. 173, Laws of 1977.

We conclude that sec. 943.39(2), Stats., does not require proof of a forgery. The evidence presented at the preliminary hearing established that the defendants probably committed felonies under sec. 943.39(2), both as principals and as either parties to the crime or as co-conspirators. Employees of two different Shopko stores testified that they signed refund slips on March 24, 1982, for both defendants, who lacked sales receipts. Defendant DeFord received a cash refund at one of the stores. Another Shopko employee testified that he investigated the defendants' pattern of obtaining refunds, and discovered eleven incidents of refunds in the names of the defendants. An acquaintance of the defendants testified that both defendants admitted they had shoplifted items from several Shopko stores and had returned the merchandise.

The trial court erroneously construed sec. 943.39(2), Stats., to require evidence of forgery. Under the correct interpretation of sec. 943.39(2), the testimony and evidence presented was sufficient to support a finding of probable cause to believe a felony was committed.

*By the Court.*—Orders reversed and action remanded for further proceedings.