STATE of Wisconsin, Plaintiff-Appellant,

v.

Danny L. FRY, Defendant-Respondent. †

Court of Appeals

*No. 85–0630–CR. Submitted on briefs September 16, 1985.—*
*Decided December 3, 1985.*
(Also reported in 385 N.W.2d 196.)

† Petition to review denied.

For the appellant there were briefs by *Bronson C. LaFollette,* attorney general, and *Michael R. Klos,* assistant attorney general.

For the respondent there was a brief by *John E. Tradewell,* assistant state public defender.

Before Cane, P.J., Dean and Eich, JJ.

CANE, P.J.   The state appeals an order dismissing its criminal complaint alleging that Danny Fry unlawfully had sexual intercourse with a thirteen-year-old juvenile, J.H., contrary to sec. 940.225(2)(e), Stats. The circuit court dismissed the complaint at the completion of a preliminary examination after determining that the state failed to establish probable cause to believe that a felony had been committed. Three issues are raised on appeal:

(1)   whether the court's dismissal of the criminal complaint at the preliminary examination's completion is a final appealable order;

(2)   whether Fry's uncorroborated confession alone is sufficient to support a probable cause finding;

(3)   whether J.H.'s prior inconsistent statement is substantive evidence at a preliminary examination.[1]

---

[1] Because we conclude that Fry's uncorroborated confession alone is sufficient to support a probable cause finding, it is unnecessary to address this issue.

302

Because we conclude that the dismissal at the preliminary examination's conclusion is a final appealable order and that Fry's uncorroborated confession alone is sufficient to support a probable cause finding, we reverse.

At the preliminary examination, two witnesses were called. The first witness was J.H., who testified that although she was acquainted with Fry through her friendship with his daughters, she never had sexual intercourse with him. The other was a deputy of the Marathon County Sheriff's Department who testified that Fry confessed to him that he had sexual intercouse with J.H. on several occasions. The deputy also testified that he interviewed J.H. who admitted having sexual intercourse with Fry. He stated that she described their relationship as an "affair." The deputy's testimony of J.H.'s prior inconsistent statement was admitted without the state laying the proper foundation required by sec. 906.13(2), Stats. Fry, however, made no objection.

The preliminary examination court, in its order of dismissal, ruled that the state had not shown probable cause for a bindover. The court ruled that Fry's confession could not support a finding of probable cause unless the confession was corroborated by independent evidence. It reasoned that although J.H.'s prior inconsistent statement admitting the acts of sexual intercourse with Fry would be substantive evidence of guilt at a trial and therefore corroborative evidence, it was not relevant because the courts at a preliminary examination are not permitted to evaluate a witness's credibility. It concluded that because J.H.'s prior inconsistent statement was not substantive evidence at a preliminary hearing, the confession was uncorrobo-

rated and therefore probable cause had not been established.

The first issue is whether the order dismissing the criminal complaint after a preliminary examination was a final order entitling the state to appeal as a matter of right. Fry contends that since the state might have been able to file a new complaint with additional evidence and thereby reinstate the criminal proceedings, the order of dismissal was not final. We disagree.

In *Wittke v. State ex rel. Smith,* 80 Wis.2d 332, 344, 259 N.W.2d 515, 518–19 (1977), the supreme court determined that the state has a right to appeal an order of dismissal at a preliminary examination when it believes an error of law was committed. It recognized that when the state's appeal is based on an alleged error of law, an order dismissing the criminal complaint is a final order. Our supreme court reaffirmed this holding in *State v. Brown,* 96 Wis.2d 258, 267, 291 N.W.2d 538, 543 (1980), when it again recognized the state's right to appeal errors of law committed by a magistrate during a preliminary examination.

In this case, the state has appealed the dismissal order because it contends that the court made an error of law and that the evidence presented at the preliminary examination established probable cause as a matter of law. The court refused to consider J.H.'s prior inconsistent statement as substantive evidence to corroborate Fry's confession. It also concluded that an uncorroborated confession is insufficient to support a showing of probable cause. Because the state appeals on the basis that the court committed an error of law when ordering the complaint's dismissal, the order is final and appealable as a matter of right.

The next issue is whether Fry's uncorroborated confession alone is sufficient as a matter of law to establish a reasonable probability that he committed a felony. Neither side cites any Wisconsin authority on this question nor can we find any.

When making an appellate review of a preliminary examination court's determination of probable cause, ordinarily we are limited to determining whether there was competent evidence for the court to act on. *State v. Berby,* 81 Wis.2d 677, 684, 260 N.W.2d 798, 802 (1978). This approach, however, is not applicable where the principal facts are undisputed and the controversy centers on ultimate conclusions of law. In that event, we need not defer to the preliminary examination court, and we may examine the record *ab initio* and decide as a matter of law whether the evidence constitutes probable cause. *State v. Williams,* 104 Wis.2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981). In this case, the court determined that as a matter of law an uncorroborated confession was insufficient evidence for a finding of probable cause. We disagree and conclude as a matter of law that the evidence constitutes probable cause.

The state submits that the rule of corroborating evidence has no application to a preliminary examination. We agree. The preliminary examination is an inquiry into the facts to determine if there is probable cause to believe a felony has been committed by the defendant. Section 970.03(1), Stats. It is not a trial on the merits, nor is it a forum to resolve issues of credibility, to choose between conflicting facts or inferences or to weigh the state's evidence against evidence favorable to the defendant. *State ex rel. Evanow v. Seraphim,* 40

Wis.2d 223, 228, 161 N.W.2d 369, 371–72 (1968). The court's function at a preliminary examination is best summarized as follows:

> If the hearing judge determines after hearing the evidence that a reasonable inference supports the probable cause determination, the judge should bind the defendant over for trial. Simply stated, probable cause at a preliminary hearing is satisfied when there exists a believable or plausible account of the defendant's commission of a felony.

*State v. Dunn,* 121 Wis.2d 389, 398, 359 N.W.2d 151, 155 (1984).

Here the preliminary examination court ruled that Fry's confession could not support a finding of probable cause unless the confession was corroborated by independent evidence. That rule, however, is applied by the appellate courts when reviewing the sufficiency of the evidence to support a conviction beyond a reasonable doubt. *See State v. Verhasselt,* 83 Wis.2d 647, 661–62, 266 N.W.2d 342, 349 (1978). It has never been applied by our appellate courts to a probable cause finding at a preliminary examination, nor do we think it should be.

The confession's corroboration at a trial is required in order to produce a confidence in the truth of a confession. *Holt v. State,* 17 Wis.2d 468, 480, 117 N.W.2d 626, 633 (1962). This rule of corroborating evidence is appropriately reserved for a trial on the merits where the fact finder must determine the confession's reliability before reaching a verdict of guilt or innocence. The rule, however, has no application at a preliminary examination where the only issue is probable cause. The purposes of a preliminary examination are

to prevent hasty, malicious, improvident, and oppressive prosecutions; to protect the person charged from open and public accusations of crime; to avoid both for the defendant and the public the expense of public trial; to save the defendant from the humiliation and anxiety involved in public prosecution; and to discover whether there are substantial grounds upon which a prosecution may be based. *Dunn,* 121 Wis.2d at 398, 359 N.W.2d at 153–54. A finding of probable cause based upon an accused's confession to a felony satisfies these purposes.[2]

Accordingly, we conclude as a matter of law that the evidence supports a finding of probable cause. The circuit court's order is therefore reversed. We remand this matter with directions to make a finding of probable cause that Fry probably committed a felony and to bind the matter over for trial.

*By the Court.*—Order reversed and cause remanded with directions.

---

[2] This opinion is not intended to suggest that the prosecution may charge a defendant with a crime when it knowingly has no evidence to later support a conviction at trial. *See* ABA, Standards for Criminal Justice, *The Prosecution Function* § 3–3.9(a)(1980).