STATE of Wisconsin, Plaintiff-Appellant,

v.

John L. GOYER, Defendant-Respondent.

Court of Appeals

*No. 89–1453–CR. Submitted on memoranda on jurisdiction.—Filed March 7, 1990.*

(Also reported in 456 N.W.2d 168.)

On behalf of the plaintiff-appellant, a jurisdictional memorandum was submitted by *Stephen J. Centinario, Jr.,* assistant district attorney.

On behalf of the defendant-respondent, a jurisdictional memorandum was submitted by *Richard H. Bussler, Jr.* of *Polidori & Bussler* of Milwaukee.

Before Brown, P.J., Scott and Nettesheim, JJ.

PER CURIAM.   The state of Wisconsin has filed a notice of appeal from an order entered in the trial court on June 19, 1989. In the order, the trial court granted the motion of the defendant, John L. Goyer, for dismissal of two counts of battery to a peace officer and one count of attempted battery to a peace officer. It denied Goyer's motion to dismiss a fourth count against him.

After the filing of the notice of appeal, we ordered the parties to submit memoranda on the issue of whether this court has jurisdiction over this appeal, noting that a question existed as to whether the June 19 order was final or nonfinal and whether sec. 974.05, Stats., authorized the state to appeal under the circumstances present here. After reviewing the parties' memoranda and the record, we conclude that we have jurisdiction over this appeal.

Section 974.05(1)(a), Stats., permits the state to appeal from a final order or judgment adverse to it and made before jeopardy has attached. The finality of orders sought to be appealed under sec. 974.05(1)(a) is tested by the same standard as is set forth in sec. 808.03(1), Stats. *State v. Rabe,* 96 Wis. 2d 48, 57, 291 N.W.2d 809, 814 (1980). Pursuant to that standard, orders which dispose of the entire matter in litigation are appealable as of right. *Id.* at 56, 291 N.W.2d at 813.

In discussing when an order disposes of an entire matter in litigation in a criminal case, the Wisconsin Supreme Court has considered whether the order dismisses a count and precludes the state from proving the

offense contained in that count. *See id.* at 58, 291 N.W.2d at 814. Because an order consolidating four counts of homicide by intoxicated use of a motor vehicle into a single count alleging four victims did not preclude the state from proving any or all of the four deaths, the supreme court concluded that the consolidation order did not dispose of the entire matter in litigation and was not final. *Id.* However, it further noted that if an order closed a matter and precluded further hearing and investigation, it was final. *Id.*

In this case, the order dismissing two counts of battery to a peace officer and one count of attempted battery to a peace officer closed those matters in their entirety and precluded further proceedings related to them, leaving further proceedings to be conducted only as to the separate and distinct offense of resisting an officer. Because the order closed the matter as to the three counts involving battery, it disposed of the entire matter in those litigations. Since it was also the final document contemplated in the trial court in regard to the battery charges, it was final and appealable as of right. *See State v. Wright,* 143 Wis. 2d 118, 122–23, 420 N.W.2d 395, 397 (Ct. App. 1988).

*By the Court.*—Court has jurisdiction over the appeal.