STATE of Wisconsin, Plaintiff-Appellant,

v.

Romero D. WILSON, Defendant-Respondent.†

Court of Appeals

*No. 99–3047–CR. Submitted on a motion February 11, 2000.—Decided April 19, 2000.*

## 2000 WI App 114

(Also reported in 612 N.W.2d 368.)

†Petition to review denied.

On behalf of the defendant-respondent, the cause was submitted on the motion of *Steven P. Weiss*, assistant state public defender, of Madison.

On behalf of the plaintiff-appellant, a response was submitted by *Diane M. Welsh*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. PER CURIAM. The State appeals from the trial court's refusal to bind Romero D. Wilson over for trial after a preliminary examination. Wilson moves to dismiss the appeal, contending that under WIS. STAT. § 974.05(1)(a) (1997–98),[1] as amended in 1991, the State may not appeal as of right but must seek discretionary review pursuant to WIS. STAT. RULE 809.50. We conclude that the trial court's order dismissing the criminal complaint is a final order appealable as of right. We deny the motion to dismiss.

¶ 2. *State v. Fry*, 129 Wis. 2d 301, 304, 385 N.W.2d 196 (Ct. App. 1985), holds that an order dismissing a criminal complaint after a preliminary hearing is a final order and appealable as of right. *See*

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

*State v. Goyer*, 155 Wis. 2d 294, 296, 456 N.W.2d 168 (Ct. App. 1990) (an order dismissing three counts of a criminal complaint and leaving for trial one separate and distinct offense disposed of the entire matter in litigation with respect to the dismissed counts and was appealable as of right). These holdings comport with the test of finality under WIS. STAT. § 808.03(1) that an order is final if it terminates the entire matter in litigation.[2]

¶ 3.  Wilson contends that the right to appeal an order refusing to bind a defendant over for trial, and that the holdings in *Fry*, *Goyer*, and their precedential underpinnings,[3] are questionable in light of the subsequent amendment of WIS. STAT. § 974.05(1)(a). When *Fry* was decided, § 974.05(1)(a) provided that the State may take an appeal from any "[f]inal order or judgment adverse to the state made before jeopardy has attached or after waiver thereof or after the setting aside of a verdict of guilty or finding of guilty, whether following

---

[2] WISCONSIN STAT. § 808.03(1) provides in part:

A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding . . . .

[3] Although the State initially had no right to appeal from errors committed at the preliminary hearing, *see Tell v. Wolke*, 21 Wis. 2d 613, 619–20, 124 N.W.2d 655 (1963), in *State v. Antes*, 74 Wis. 2d 317, 323, 246 N.W.2d 671 (1976), the court concluded that an order dismissing a charge after a preliminary hearing is appealable. Language to the contrary in *Tell* was withdrawn. *State v. Rabe*, 96 Wis. 2d 48, 291 N.W.2d 809 (1980), recognized that the finality test defined in WIS. STAT. § 808.03(1) is applicable to orders the State appeals under WIS. STAT. § 974.05(1)(a).

a trial or a plea of guilty or no contest." In 1991, § 974.05(1)(a) was amended to read that the State may appeal any "[f]inal order or judgment adverse to the state, whether following a trial or a plea of guilty or no contest, if the appeal would not be prohibited by constitutional protections against double jeopardy."[4]

¶ 4. Wilson argues that the retention and placement of the phrase "whether following a trial or a plea of guilty or no contest" was intended to preclude appeals of right by the State from pretrial or preguilty plea orders, except those enumerated in WIS. STAT. § 974.05(1)(d). We do not read the phrase to be words of limitation. Rather, the phrase tracks those circumstances where the constitutional prohibition against double jeopardy may affect the State's right to appeal. Outside of those circumstances, the State may appeal any adverse final order or judgment. Thus, if an order exists that terminates the entire matter in litigation, the State may appeal.

¶ 5. This reading of the amended statute is consistent with the legislative analysis of the amendment. The analysis indicates:

> Currently, the state may appeal any adverse final order or judgment in a criminal case if jeopardy has not attached, jeopardy has been waived or a verdict or finding of guilty has been set aside. This bill eliminates the various criteria and allows the state to appeal adverse final orders or judgments in criminal cases subject to restrictions under the state and federal constitutions against being placed twice in jeopardy for the same offense.

---

[4] WISCONSIN STAT. § 974.05(1)(a) was amended by 1991 Wis. Act 39, § 3651.

Legislative Reference Bureau, 1991–92 Legislature Budget Draft, LRB–1907/2.

¶ 6.    The amendment was intended to simplify WIS. STAT. § 974.05(1)(a). Moreover, there is no indication of legislative intent to overrule the existing holding in *Fry*. Because the amendment does not relate to the type of appeal which *Fry* addresses, there has been no change which distinguishes *Fry*. Therefore, we lack authority to overrule *Fry*. *See Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997).

¶ 7.    The State's appeal is taken from a final order which is appealable as of right. *See Fry*, 129 Wis. 2d at 304; WIS. STAT. § 808.03(1). Wilson's motion to dismiss the appeal is denied.

*By the Court.*—Motion denied.