STATE of Wisconsin, Plaintiff-Appellant,

v.

Michael J. LINDHOLM, Defendant-Respondent.

Court of Appeals

*No. 99–2298–CR. Submitted on briefs April 14, 2000.—Decided September 28, 2000.*

## 2000 WI App 225

(Also reported in 619 N.W.2d 267.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Jennifer E. Nashold*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jay M. Langkamp* of *Langkamp Law Office*, of Madison.

Before Dykman, P.J., Roggensack and Deininger, JJ.

¶ 1.   ROGGENSACK, J.   The State of Wisconsin appeals an order of the Jefferson County Circuit Court refusing to bind over Michael J. Lindholm for trial on a felony charge of operating a motor vehicle while intoxicated (OMVWI) because the State submitted only a certified abstract of the Department of Transportation (DOT) driving record for Lindholm as proof of his prior convictions. We conclude that, in a preliminary hearing, such an abstract, as a matter of law, satisfies probable cause to believe that a defendant, who was charged with felony OMVWI because he had a child under sixteen years of age in the car, had sufficient prior OMVWI convictions to be bound over for trial. Therefore, we reverse the order of the circuit court and remand for further proceedings.

## BACKGROUND

¶ 2.   Lindholm was charged with OMVWI under WIS. STAT. § 346.63(1)(a) (1997–98).[1] The State alleged that he had two previous OMVWI convictions and a

---

[1] WISCONSIN STAT. § 346.63(1)(a) provides:

No person may drive or operate a motor vehicle while:
(a)   Under the influence of an intoxicant . . . to a degree which renders him or her incapable of safely driving . . . .

passenger younger than sixteen in his car at the time he was stopped; therefore, the crime was charged as a felony pursuant to WIS. STAT. § 346.65(2)(f).[2] At the preliminary hearing, the State presented proof of intoxication and a stipulation to the age of Lindholm's passenger that are not challenged on appeal. The State also attempted to prove Lindholm's previous convictions using a certified abstract of his DOT driving record. It was uncontested that the State could not obtain copies of the earlier judgments of conviction because those records had been destroyed by the municipalities where the convictions occurred.[3] The DOT record showed a 1991 OMVWI violation and con-

Additionally, all further references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] WISCONSIN STAT. § 346.65 provides in relevant part:

(2)  Any person violating s. 346.63(1):

. . .

(c)  Except as provided in par. (f), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total number of suspensions, revocations and convictions counted under s. 343.307 (1) equals 3 . . . .

(f)  If there was a minor passenger under 16 years of age in the motor vehicle at the time of the violation that gave rise to the conviction under s. 346.63(1), the applicable minimum and maximum forfeitures, fines or imprisonment . . . for the conviction are doubled. An offense under s. 346.63(1) that subjects a person to a penalty under par. (c) . . . when there is a minor passenger under 16 years of age in the motor vehicle is a felony . . . .

[3] Lindholm's certified driving record indicated that both prior convictions were ordinance violations and the case files had been purged. Records of ordinance violations may be destroyed after five years. See SCR 72.01(24), (24a), and (24m) (1999). Public records of any town, city or village (except for court records governed by SCR ch. 72) may be destroyed after seven years. See WIS. STAT. § 19.21(4)(c) and (5)(c).

viction in Milwaukee County and a similar 1997 offense and conviction in Walworth County. It also showed Lindholm's date of birth, driver's license number, other motor vehicle offenses, and the points he received for each conviction. Without placing Lindholm on the stand, his attorney contested the 1991 conviction, asserting that only the 1997 conviction was valid, and he demanded certified judgments of conviction to establish probable cause for the State's allegations.

¶ 3. The circuit court concluded that the State had not presented sufficient proof of the prior convictions at the preliminary hearing to warrant a bind over. It dismissed the charge and ordered that a misdemeanor charge be filed in its place. The court's main concern focused on the destruction of the underlying records from which the abstract had been prepared. Based on that fact, it reasoned that Lindholm's right of cross-examination had been impaired, and therefore, it concluded the abstract could not be competent proof of prior convictions. The State appeals the order dismissing the felony OMVWI.

## DISCUSSION

**Standard of Review.**

¶ 4. When the principal facts are undisputed, whether they are sufficient to support probable cause to believe that the defendant has committed a felony is a question of law, which we review *de novo. See State v. Fry*, 129 Wis. 2d 301, 305, 385 N.W.2d 196, 199 (Ct. App. 1985).

**Sufficiency of Proof.**

¶ 5.  Because Lindholm was charged with felony OMVWI, the State was required to provide him with a preliminary hearing as outlined in WIS. STAT. § 970.03(1), which states:

> A preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant.

The factors that make an OMVWI a felony under WIS. STAT. § 346.65(2)(f) are having two or more prior OMVWI convictions and having a person under sixteen years of age in the car at the time of the OMVWI violation. There was no question at the preliminary hearing about the age of Lindholm's passenger; only the requisite number of prior convictions was disputed. The State contends that the abstract of Lindholm's DOT driving record was sufficient to establish probable cause that Lindholm had been convicted previously of two OMVWI offenses. We agree.

¶ 6.  The purposes of a preliminary examination are: to prevent hasty, malicious, improvident, and oppressive prosecutions; to

> protect the person charged from open and public accusations of crime; to avoid both for the defendant and the public the expense of public trial; to save the defendant from the humiliation and anxiety involved in public prosecution; and to discover whether there are substantial grounds upon which a prosecution may be based.

*Fry*, 129 Wis. 2d at 306–07, 385 N.W.2d at 199–200 (citing *State v. Dunn*, 121 Wis. 2d 389, 398, 359 N.W.2d

151, 153–54 (1984)). The purpose of a preliminary hearing is not to determine a defendant's guilt or innocence. *See State v. Koch*, 175 Wis. 2d 684, 704, 499 N.W.2d 152, 162 (1993). The court is not to choose between conflicting facts or inferences or to weigh the evidence presented by the State with that favorable to the defendant. *See id.* "Simply stated, probable cause at a preliminary hearing is satisfied when there exists a believable or plausible account of the defendant's commission of a felony." *Dunn*, 121 Wis. 2d at 398, 359 N.W.2d at 155; *see also* WIS. STAT. § 970.03(1). Additionally, in an OMVWI prosecution where priors are alleged, the priors are not elements of the crime of driving or operating a motor vehicle while under the influence of an intoxicant or a controlled substance; therefore, whether priors exist is not a question for the jury. *See State v. McAllister*, 107 Wis. 2d 532, 532–33, 319 N.W.2d 865, 866 (1982). Instead, probable cause for the number of prior convictions had to be established at the preliminary hearing because it changed the status of the offense to that of a felony; it was not because the number of priors was an element of the substantive crime of OMVWI. We also note that:

> [t]here is no presumption of innocence accruing to the defendant regarding the previous conviction or convictions; . . . [however, the] defendant does have an opportunity to challenge the existence of the previous penalty-enhancing convictions before the judge prior to sentencing.

*Id.* at 539, 319 N.W.2d at 869.

¶ 7. The State urges us to accept the reasoning in *State v. Spaeth*, 206 Wis. 2d 135, 556 N.W.2d 728 (1996) and *State v. Wideman*, 206 Wis. 2d 91, 556 N.W.2d 737 (1996). In *Wideman* and *Spaeth*, the supreme court employed the phrase "other competent

proof" in regard to the sentencing phase of a trial to describe the proof of prior convictions which is sufficient to apply the penalty enhancers. In *Wideman*, the court concluded that, even though the proof required to sustain enhanced penalties as a repeater under WIS. STAT. § 973.12(1) did not apply to the penalty enhancement provisions of WIS. STAT. § 346.65(2) that are at issue here due to the exclusion of chs. 341–49 offenses by WIS. STAT. § 939.62(3)(a), the State was still required to prove the priors, either by an admission from the defendant or by presenting "certified copies of conviction or other competent proof." *Wideman*, 206 Wis. 2d at 94–95, 556 N.W.2d at 739 (citing *McAllister*, 107 Wis. 2d at 539, 319 N.W.2d at 869). Because Wideman had admitted two prior OMVWI convictions, the court did not address what it meant by "other competent proof."

¶ 8.   In *Spaeth*, a companion case to *Wideman* where repeated convictions for operating after revocation (OAR) were a sentencing issue, the court concluded that "competent proof must reliably demonstrate, with particularity, the existence of each prior OAR conviction." *Spaeth*, 206 Wis. 2d at 150, 556 N.W.2d at 734. The court instructed that the State may prove the prior convictions through "reliable documentary proof." *Id.* at 148, 556 N.W.2d at 733–34. The court included within the definition of competent proof a copy of the defendant's DOT driving record. *See id.* at 153, 556 N.W.2d at 735.

¶ 9.   With the quantum of proof required at a preliminary hearing as described by *Koch* and *Dunn* clearly in mind, we examine whether a certified copy of Lindholm's DOT driving record is sufficient to estab-

lish probable cause to believe Lindholm had two prior OMVWI convictions. We conclude that it is.

¶ 10.   First, the abstract is the same item of proof that was found to be sufficient proof for sentencing purposes in *Spaeth*. Second, it provides a "plausible account" of Lindholm's commission of a felony, as required by *Dunn*. Third, even though *Wideman* holds that the proof standards described in WIS. STAT. § 973.12(1) do not apply to establish prior OMVWI convictions, the certified copy of DOT's record is an agency record sufficient to satisfy the standard for *prima facie* proof of a repeater found in § 973.12(1).[4] Fourth, the fact that the records that underlie the abstract have been destroyed does not necessarily cause it to contain erroneous information. The DOT is the state agency charged with maintaining the record of convictions for every licensed driver in the state. *See* WIS. STAT. § 343.23. If there are errors in the abstract, there are many ways of establishing that at the sentencing phase if Lindholm is convicted. Fifth, the destruction of the records underlying the abstract does not preclude examination of the custodian of the record at sentencing about errors Lindholm's counsel says the abstract contains, such as his assertion that Lindholm did not have a driver's license in 1991. That fact might be proved by the driver's license number that was assigned to him, which appears on the face of the license. And finally, permitting a DOT certified abstract of Lindholm's driving record to provide probable cause to believe he has had two past OMVWI convictions will not thwart any of the purposes of hav-

---

[4] Under WIS. STAT. § 973.12(1), an official report of any state agency is *prima facie* proof of any conviction or sentence reported therein.

ing a preliminary hearing as a prerequisite to binding a defendant over for trial for felony OMVWI. Therefore, we conclude that, as a matter of law, the certified copy of Lindholm's driving record did provide proof sufficient to sustain the State's burden to establish probable cause to believe that Lindholm probably committed a felony, and we reverse the circuit court's order dismissing the felony OMVWI charge.[5]

---

[5] Lindholm urges us not to conclude our analysis with whether the abstract is sufficient to support the probable cause determination necessary for bind over. He argues that to do so would be an ineffective use of judicial resources because the DOT abstract can never provide sufficient proof to actually invoke the repeater provisions of WIS. STAT. § 346.65(2)(c) and (f). We have some concerns about the proof that is required at sentencing because *Wideman* and *Spaeth* were both based on a statute that did not include § 346.65(2)(f), a felony. Therefore, the policies that drove those decisions, such as being rationally related to a legislative objective in part because "the enhanced penalties under § 346.65(2) are penalties for misdemeanors, with relatively short periods of incarceration and moderate fines," *State v. Wideman*, 206 Wis. 2d 91, 107, 556 N.W.2d 737, 744 (1996), are not applicable to para. (2)(f), which makes imprisonment for a felony a possibility. However, the burden of proving those past convictions continues to rest with the State, just as it does under other repeater statutes. *See State v. Koeppen*, 195 Wis. 2d 117, 127, 536 N.W.2d 386, 390 (Ct. App. 1995). Additionally, the presentation of the DOT abstract and the examination of the custodian of this record, and perhaps others, will either establish or fail to establish errors Lindholm maintains are present. Therefore, we decline to decide issues beyond that required in our reversal of the circuit court's decision not to bind Lindholm over for trial.

## CONCLUSION

¶ 11.    Because we conclude that, in a preliminary hearing, a DOT abstract of a defendant's driving record is sufficient to establish probable cause to believe that a defendant, who was charged with felony OMVWI because he had a child under sixteen years of age in the car, had sufficient prior convictions of OMVWI to be bound over for trial, we reverse the order of the circuit court and remand for proceedings consistent with this opinion.

*By the Court.*—Order reversed.