STATE of Wisconsin, Plaintiff-Respondent,

v.

William E. SPAETH, Defendant-Appellant.

Supreme Court

*No. 95–1827–CR. Submitted on briefs September 25, 1996.—Decided December 20, 1996.*

(Also reported in 556 N.W.2d 728.)

For the defendant-appellant the cause was submitted on the briefs of *John D. Lubarsky*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Pamela Magee*, assistant attorney general and *James E. Doyle*, attorney general.

ANN WALSH BRADLEY, J. This case is before the court on certification by the court of appeals, following the sentencing of the defendant, William E. Spaeth, by the circuit court for Washington County, Richard T. Becker, Judge, for a fifth offense within a five-year period of operating a motor vehicle after revocation

(OAR). The defendant asserts that he did not admit to, and the State did not prove, the four prior OAR convictions necessary to impose the statutorily enhanced penalties prescribed for fifth-time OAR offenders. Because we conclude that the record does not adequately establish the defendant's prior OAR convictions, we reverse and commute the defendant's sentence.

Initially, we must determine the appropriate standard for proving prior OAR convictions for purposes of sentencing under the repeat OAR penalty enhancement provisions of Wis. Stat. § 343.44(2) (1993-94).[1] We then consider whether the record in this case satisfies that standard. The resolution of these issues requires us to apply statutory language and constitutional principles to undisputed facts, which we do without deference to the circuit court. *Reginald D. v. State*, 193 Wis. 2d 299, 305-06, 533 N.W.2d 181 (1995); *State v. Anderson*, 141 Wis. 2d 653, 667-68, 416 N.W.2d 276 (1987).

## I.

The relevant facts are not in dispute. On July 24, 1994, Donald Kocan informed the Washington County Sheriff's Department that he observed the defendant driving an automobile in a dangerous manner on Main Street in the Town of Addison. Based upon Kocan's statement, Kocan's identification of the defendant in a photograph array, and a record check revealing that the defendant's operating privileges were in a revoked status, Deputy Dale K. Schmidt issued a citation to the

---

[1] Unless otherwise indicated, all future statutory references are to the 1993-94 volume.

defendant for operating after revocation. The citation alleged that the defendant was an "HTO," or habitual traffic offender, and that the incident was his fifth OAR violation.

At his initial appearance, without counsel, the defendant was provided with a copy of the criminal complaint. The complaint is subscribed and sworn by Captain John G. Theusch of the Washington County Sheriff's Department. Theusch alleges that the defendant operated a motor vehicle on July 24, 1994, during a period of license revocation. He then recites the enhanced penalties prescribed for both a fifth OAR offense and for committing an OAR offense while revoked as a habitual traffic offender. *See* Wis. Stat. §§ 343.44(2)(e)1, 351.08.[2] Theusch provides two sources for the allegations he makes in the complaint.

---

[2] Wis. Stat. § 343.44 provides in relevant part:

**Driving while disqualified, out of service or after license revoked or suspended. (1)** No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before. . .that person has obtained a new license in this state, including an occupational license, or the person's operating privilege has been reinstated under the laws of this state.. . .

(2) Except as provided in subs. (2g) and (2m), any person violating this section is subject to the following penalties:

(a) For the first conviction under this section. . .within a 5-year period the person may be required to forfeit not more than $600, except that, if the person's operating privilege was revoked under ch. 351 at the time of the offense, the penalty may be a fine of not more than $600.

(b) 1. . . .for a 2nd conviction. . .within a 5-year period, a person may be fined not more than $1,000 and shall be imprisoned for not more than 6 months.

(c) 1. . . .for a 3rd conviction. . .within a 5-year period, a person may be fined not more than $2,000 and may be imprisoned for not more than 9 months.

He first refers to Kocan's statement that the latter observed the defendant driving on the date in question. The complaint then provides:

> Complainant further bases his information upon review of the official police report of Deputy Dale K. Schmidt of the Washington County Sheriff's Department, who states that upon verifying the defendant's identification a subsequent record check with the Wisconsin Department of Transportation, Motor Vehicle Division, indicated that the defendant's driving privileges were revoked on November 21, 1990 as an habitual traffic offender for a period of five years and have not been reinstated. Said record check further indicates that notice of revocation was sent to the defendant at his last known address by first class mail on January 31, 1991 and that same was not returned for any reason. Said record check further indicates that the defendant was convicted of operating after revocation on February 28, 1990 for an offense occurring on December 17, 1989, on November 21, 1990 for an offense occurring on May 27, 1990, on June 6, 1993 for an offense occurring on October 1, 1992 and on

(d) 1. . . .for a 4th conviction. . .within a 5-year period, a person may be fined not more than $2,000 and may be imprisoned for not more than one year in the county jail.

(e) 1. . . .for a 5th or subsequent conviction. . .within a 5-year period, a person may be fined not more than $2,500 and may be imprisoned for not more than one year in the county jail.

Wis. Stat. § 351.08 provides in relevant part:

**Operation of motor vehicle by habitual traffic offender or repeat habitual traffic offender prohibited; penalty; enforcement.** Any person who is convicted of operating a motor vehicle in this state while the revocation under this chapter is in effect shall, in addition to any penalty imposed under s. 343.44, be fined not to exceed $5,000 and imprisoned not to exceed 180 days. . . .

141

May 4, 1994 for an offense occurring on March 16, 1994.

During the defendant's initial appearance, the circuit court engaged him in a colloquy, describing the charged offense and its potential penalties. When asked if he understood that he was being charged with a fifth OAR offense within a five-year period, and with driving during a habitual traffic offender revocation, the defendant answered affirmatively. The defendant also stated that he understood the potential penalties for being convicted of the charged offense. At a subsequent hearing, the defendant, now represented by counsel, entered a plea of not guilty.

Before trial, the defendant stipulated that his license was revoked on the date in question, and that he had knowledge of the revocation. In response to the circuit court's questioning, the defendant acknowledged that the only element of OAR remaining for the State to establish was that he was driving on July 24, 1994. After a trial, the jury returned a guilty verdict, and the circuit court proceeded immediately to sentencing.

At sentencing, the State requested a 60-day jail term, fines of $568, and a six-month revocation of the defendant's driving privileges. In support of its request, the State noted:

> [c]onsidering this is the fifth offense and he is alleged to be, and is, a habitual traffic offender, I think the sentence recommended is well within the limitations. . .provided by the statute.

Defense counsel argued instead for a 30-day sentence and a minimal fine, stating that "I understand that there is some jail time that is necessary in this

case...." Before imposing its sentence, the circuit court remarked:

> [c]onsidering that we have got an HTO, alleged HTO situation, certainly there is not going to be a sentence greater than the base sentence for the charge, so whether or not Mr. Spaeth is actually an HTO is not particularly relevant. But I note the number of prior convictions here. In '89 offenses, convictions in '90; offenses in '89, '90, '92 and '94. Certainly calls for some jail time.[3]

The court then ordered a 60-day jail sentence, a $311.80 fine, and a six-month license revocation. The defendant filed a motion for postconviction relief with the circuit court. In his motion, the defendant requested an order vacating that portion of his sentence attributable to any repeater enhancement. The defendant argued that he had not admitted, and the State had failed to prove, the existence of prior OAR convictions. According to the defendant, he should have been sentenced as a first-time offender, which would have resulted in no jail time.[4]

In denying the defendant's motion for postconviction relief, the circuit court acknowledged that the defendant did not admit the prior OAR convictions, and that the State had presented no proof of prior convictions either at trial or at sentencing. The circuit court nevertheless concluded that the defendant was properly sentenced. The court reasoned that because the

---

[3] From this statement, it is apparent that the defendant's HTO status was irrelevant to the circuit court's sentencing determination. Instead, the court sentenced the defendant based solely on his status as a fifth-time OAR offender.

[4] Wis. Stat. § 343.44(2)(a) prescribes only a civil forfeiture for a first OAR offense.

enhanced penalties under Wis. Stat. § 343.44(2)(e)1 are "self-executing," the State need not come forward with specific proof of a defendant's prior OAR convictions.

The defendant appealed. The court of appeals certified the case to this court based upon our earlier acceptance of a petition for review of *State v. Wideman*, No. 95-0852-CR, unpublished slip op. (Wis. Ct. App. Aug. 30, 1995).

## II.

The defendant argues that the enhanced penalties for OAR recidivism are substantially similar to the increased penalties for habitual criminality provided in Wis. Stat. § 939.62(1), the general repeater statute.[5]

---

[5] Wis. Stat. § 939.62 provides in relevant part:'

**Increased penalty for habitual criminality. (1)** If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed. . .the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) A maximum term of one year or less may be increased to not more than 3 years.

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

**(2)** The actor is a repeater if the actor was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which the actor presently is being sentenced, or if the actor was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. . . .

. . . .

He maintains that case law, as well as equal protection and due process considerations, require the State to prove prior OAR convictions under the same standards as exist for proving prior convictions under the general repeater statute. *See* Wis. Stat. § 973.12(1).[6]

Section 343.44(2) provides a framework of escalating penalties for successive OAR convictions. However, the statute provides no procedural rules for establishing the existence of the prior OAR convictions necessary to invoke its penalty enhancements. The statute's legislative history is similarly bereft of any mention of a proof standard.

This court has previously determined that § 343.44(2) "is essentially in the nature of a repeater statute." *Steeno v. State*, 85 Wis. 2d 663, 672, 271 N.W.2d 396 (1978); *see also State v. Baker*, 169 Wis. 2d 49, 64, 485 N.W.2d 237 (1992) (concluding that "the OAR statute uses prior OAR convictions primarily to enhance punishment"). The defendant derives from this statement the proposition that the similarity between the escalating penalty structures of §§ 343.44(2) and 939.62(1) requires the State to prove

---

(3) In this section "felony" and "misdemeanor" have the following meanings:

(a) In case of crimes committed in this state, the terms do not include motor vehicle offenses under chs. 341 to 349 and offenses handled through court proceedings under ch. 48, but otherwise have the meanings designated in s. 939.60.

[6] Wis. Stat. § 973.12 provides in relevant part:

**Sentence of a repeater or persistent repeater.**
(1) Whenever a person charged with a crime will be a repeater or a persistent repeater under s. 939.62 if convicted. . .[and if] the prior convictions are admitted by the defendant or proved by the state, he or she shall be subject to sentence under s. 939.62. . . . An official report of the F.B.I. or any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported.

145

prior OAR convictions in the same manner as it is required to prove prior convictions under the general repeater statute.

Initially, we note that the defendant does not, and cannot, assert a statutory mandate for applying the proof requirements under the general repeater statute to sentencing for successive OAR offenses. When a person is charged as a "repeater" under § 939.62(2), that section's enhanced penalties become available "[i]f the prior convictions are admitted by the defendant or proved by the state. . . ." § 973.12(1). Prima facie evidence of the prior convictions is established by an agency's official report documenting each conviction. *Id.*

The defendant is not a repeater for purposes of § 973.12(1). As defined by § 939.62(2), a repeater is a person who has been convicted of at least one felony or three misdemeanors in the five years prior to the crime for which he or she is being sentenced. However, convictions for motor vehicle offenses under chs. 341-349 are expressly excluded from the definitions of "felony" and "misdemeanor." *See* § 939.62(3). Thus, a defendant can never be a § 973.12(1) repeater solely by virtue of multiple prior OAR convictions.

The nature of the criminal penalties for repeat OAR offenses also distinguishes § 343.44(2) from § 939.62(1). Sections 343.44(2)(b)-(e) provide the only criminal penalties for the underlying OAR offense. In contrast, criminal sanctions under § 939.62(1) are in addition to those provided for the underlying offense. Furthermore, the penalties for serial OAR offenses are relatively light in comparison to those prescribed in § 939.62(1).

Finally, for the reasons stated today in *State v. Wideman*, 206 Wis. 2d 90, 556 N.W.2d 737 (1996), we

reject the defendant's attempt to analogize this case to *State v. Coolidge*, 173 Wis. 2d 783, 496 N.W.2d 701 (Ct. App. 1993). In *Coolidge*, the court of appeals held that the proof standards of § 973.12(1) apply to the repeater provisions of ch. 161, the Uniform Controlled Substances Act. Chapter 161 offenses, unlike offenses under chs. 341-349, are not excluded from § 973.12(1). Additionally, ch. 161 offenses are more similar to the offenses to which § 973.12(1) applies than are chs. 341-349 offenses. *See Wideman*, 206 Wis. 2d at 102.

█

The legislature has unambiguously excluded repeat OAR offenses from the general repeater statute, § 939.62(1), and, by extension, from the proof standards prescribed in § 973.12(1). We have also determined that §§ 343.44(2) and 939.62(1) are substantially dissimilar. We therefore conclude that § 973.12(1) does not govern the method of proving prior OAR convictions.

█

The defendant asserts that using a different standard for proving prior convictions under § 343.44(2) than under § 973.12(1) infringes on his due process and equal protection rights. This same argument is addressed by *Wideman* in the context of repeat OWI offenses under § 346.65(2). We believe that the reasoning in that case applies with equal vigor to repeat OAR offenses.

> We conclude that the difference between the two statutes rests upon a rational basis. The nature of OWI offenses and the penalties under § 346.65(2) justify the legislature's imposing on the State different proof requirements than those prescribed by § 973.12(1). Large numbers of OWI offenses are prosecuted. Moreover, in contrast with § 973.12(1),

> the enhanced penalties under § 346.65(2) are penalties for misdemeanors, with relatively short periods of incarceration and moderate fines. The efficient administration of the justice system militates in favor of the legislature's choice not to require the same method of establishing repeat offenses under § 346.65(2) as under § 973.12(1).

*Wideman*, 206 Wis. 2d at 105-106. Thus, we conclude that the legislature acted with a rational basis when it allowed a different, streamlined standard for proving prior OAR convictions.

## III.

We next determine the appropriate standard for establishing prior OAR convictions for purposes of § 343.44(2). The State must establish prior convictions by placing before the circuit court "competent proof" of prior convictions. *State v. McAllister*, 107 Wis. 2d 532, 539, 319 N.W.2d 865 (1982) (prior OWI convictions are established by "certified copies of conviction or other competent proof"). Generally, competent proof of prior OAR convictions may emanate from either of two sources. First, a defendant's admission, whether given personally or imputed through counsel, is competent proof of prior OAR convictions. *Wideman*, 206 Wis. 2d at 104-105; *State v. Meyer*, 258 Wis. 326, 338, 46 N.W.2d 341 (1951). Second, in the absence of an admission, the State may establish prior OAR convictions by placing before the court reliable documentary proof of each conviction. *McAllister*, 107 Wis. 2d at 539. We now examine the record for competent proof of the defendant's prior OAR convictions.

The State asserts that defense counsel admitted the defendant's four prior OAR convictions. At the sen-

tencing hearing, defense counsel responded to the State's proposed sentence by stating, "I understand that there is some jail time that is necessary in this case. . . ." The State submits that defense counsel's statement amounts to an implicit acknowledgment of the defendant's four prior OAR convictions, since a first-time OAR offender would face no potential jail time. *See* § 343.44(2)(a).

As a preliminary matter, we reject the defendant's assertion that under *State v. Farr*, 119 Wis. 2d 651, 658-59, 350 N.W.2d 640 (1984), defense counsel may not admit a prior OAR conviction on the defendant's behalf. The *Farr* holding is limited to situations in which the proof standards of § 973.12(1) apply. Because this court determines today that § 973.12(1) does not apply to § 343.44(2), we find *Farr* inapposite.

Defense counsel's statement at sentencing that she understood "that some jail time. . .is necessary" is insufficient to constitute an admission of four prior OAR convictions on behalf of the defendant. It is difficult to equate the statement that jail time is "necessary" with an admission that the defendant has four previous convictions. The potential for imprisonment begins with the second OAR offense. *See* § 343.44(2)(b). Thus, we are unable to determine from defense counsel's statement the number of prior OAR convictions to which the defendant "stipulates."

Additionally, while imprisonment may be appropriate for a given repeat OAR offense, it is not "necessary" in the sense of a statutory mandate. There are no mandatory minimum sentences for serial OAR offenses under § 343.44(2). While this is perhaps only a semantic distinction, defense counsel's statement that jail time is "necessary" nevertheless raises questions about the nature of the purported admission. This

149

court therefore concludes that the defendant did not admit personally, or through counsel, the existence of four prior OAR convictions. We next consider whether the State has offered other competent proof of the defendant's four prior OAR convictions.

■

The State bears the burden of proving prior OAR convictions under § 343.44(2). *Wideman*, 206 Wis. 2d at 93. Contrary to the State's assertion, the enhanced penalties prescribed under § 343.44(2) are not "self-executing" in the sense that a court may base a repeater sentence solely upon the State's assertion of prior OAR convictions. It is difficult to discern the substance of a burden that the State may discharge with a mere assertion. Rather, the State discharges its burden of proving prior OAR convictions under § 343.44(2) when it presents to the court competent proof of each prior conviction. *McAllister*, 107 Wis. 2d at 539.

Admittedly, our prior decisions have not elaborated on the meaning of "competent proof" of prior OAR convictions in the context of § 343.44(2). However, for purposes of sentencing for serial OAR offenses, competent proof must reliably demonstrate, with particularity, the existence of each prior OAR conviction. In this case, the only material in the record describing with any detail the defendant's prior OAR convictions is the complaint.

A complaint's inadmissibility as evidence is immaterial in the sentencing context, for a sentencing court is not restricted by the rules of evidence applicable to a trial. Wis. Stat. § 911.01(4)(c); *Handel v. State*, 74 Wis. 2d 699, 702, 247 N.W.2d 711 (1976); *Hammill v. State*, 52 Wis. 2d 118, 120, 187 N.W.2d 792 (1971). A court may base an enhanced penalty for a repeat OAR con-

viction upon reliable information otherwise inadmissible at trial, since:

> [t]here is no presumption of innocence accruing to the defendant regarding. . .previous. . .convictions; such convictions have already been determined in the justice system and the defendant was protected by his rights in those actions.

*McAllister*, 107 Wis. 2d at 539. We emphasize that while prior convictions are not an element of the underlying OAR offense to be proven at trial, they are elements of any repeater sentence, and must be established by competent proof before a court may properly impose § 343.44(2) penalty enhancements. *Id.* at 537-38.

Arguably, a sworn and subscribed complaint is of sufficient reliability that a circuit court may rely solely upon it in determining the existence of prior OAR convictions. However, the sheer number of OAR cases, and the acknowledged complexity of the OAR statute, militate in favor of a proof standard which maximizes the reliability of information a sentencing court has on prior OAR convictions, while minimizing the cost to the State of providing that information.

A recent Governor's Task Force has concluded that the OAR law is causing "absolute confusion among law enforcement, DAs, attorneys, public defenders and the courts." John Sobotik, Wisconsin Department of Transportation, *Governor's Task Force on Operating After Revocation and Operating While Intoxicated: Wisconsin's Operating After Revocation Law* 3 (October 1995). The report notes that some of the confusion arises because the OAR statute excepts from criminal sanctions an offender whose license has been revoked due to failure to pay a fine or forfeiture. *See* § 343.44(2)(b)2,

151

(c)2, (d)2, (e)2.[7] Thus, in order to determine whether an offender should be charged as a criminal, an arresting officer must "decode a long driver record to figure out why the person's license is revoked. . . ." *Task Force Report* at 3. The report also points out there were nearly 300,000 license revocations and over 50,000 OAR convictions in 1994, the most recent year for which figures are available. *Id.* at 1. The author of the report, who serves as counsel for the Department of Transportation, has commented that he would have difficulty determining the number and nature of prior OAR convictions under the time pressures typically experienced by officers in the field. *License Laws Create a Mess*, Wis. State J., Nov. 10, 1996, at 1.[8]

An officer swearing out a complaint is faced with the task of setting forth accurate information in the complaint. Given the large number of revocations and the potential for confusion caused by the complexity of the OAR statute, this court concludes that, hereafter, when the State chooses to rely solely on the complaint to establish serial OAR convictions, the complaint

---

[7] For example, Wis. Stat. § 343.44(2)(b)2 provides:

2. If the revocation or suspension that is the basis of a violation was imposed solely due to a failure to pay a fine or a forfeiture, or was imposed solely due to a failure to pay a fine or forfeiture and one or more subsequent convictions for violating sub. (1), the person may be required to forfeit not more than $1,000. This subdivision applies regardless of the person's failure to reinstate his or her operating privilege.

The statute prescribes escalating fines, but no term of imprisonment, for subsequent OAR convictions when the underlying revocation or suspension is the result of a failure to pay a fine or forfeiture.

[8] Mr. Sobotik stated: "The officer can't make a determination that fast.. . . I can't make it that fast and I'm the state expert on this issue."

must be accompanied by reliable documentary corroboration of the asserted convictions. Such documentary corroboration must describe the dates of each prior OAR offense and conviction, as well as the basis for the underlying license revocation. Furthermore, in the interest of promoting the efficient administration of justice, this court believes that a bright-line rule should be established to guide counsel and the circuit court in determining the existence of prior OAR convictions.

■

We hold that hereafter, the State establishes the existence of a defendant's prior OAR convictions by competent proof when, at a minimum, it introduces into the record at any time prior to the imposition of sentence, either: (1) an admission; (2) copies of prior judgments of conviction for OAR; or (3) a teletype of the defendant's Department of Transportation (DOT) driving record. It is anticipated that in most cases the State will satisfy the described standard by attaching to the complaint the DOT teletype of the defendant's driving record. The adoption of this standard does not affect any sentence based upon prior OAR convictions that have been established by competent proof other than a DOT teletype, copies of prior judgments of conviction, or an admission.

■

We conclude that regardless of the measure of competent proof, the State has failed to discharge its burden in this case. The State has essentially chosen to rely solely upon the complaint to establish the defendant's status as a fifth-time OAR offender. However, the complaint fails to meet the above standard, because it is not accompanied, at a minimum, by one of the described sources of prior OAR convictions. Instead,

the complaining officer based his allegations upon a reading of a report of the officer issuing the citation, who in turn relied upon a DOT record check. We stress that the complaint is not unreliable for want of veracity of the written allegations of either officer. Rather, its reliability is diminished for two reasons. First, the complexity of the OAR penalty provisions creates the potential for error when, as here, information from a source document must pass through two layers of interpretation and transcription. Second, without supplemental corroborating documentation, a sentencing court has no means of verifying the assertions in the complaint.

Because it fails to satisfy the standard we have set out above for establishing prior OAR convictions, the complaint falls below the quantum of reliability embodied in the term "competent proof." As such, the record is devoid of reliable documentary proof of the defendant's four prior OAR convictions.

We reject the State's argument that by his silence, the defendant waived any objection to being sentenced on the record as a fifth-time OAR offender. The State's burden to prove prior OAR convictions by competent proof is triggered:

> if the accused or defense counsel challenges the existence or applicability of a prior offense, or asserts a lack of information or *remains silent* about a prior offense. . . .

*Wideman*, 206 Wis. 2d at 94 (emphasis added). On the facts of this case, the defendant's silence will not excuse the State's failure to discharge its burden of establishing his four prior OAR convictions.

This court is mindful of the heavy prosecutorial burden placed upon the State by the sheer number of

OAR cases. However, establishing prior OAR convictions by competent proof is not an onerous task. The State may do so through introduction of the reliable documentary proof mentioned earlier in this opinion. Alternatively, competent proof can be established through an admission by the defendant or defense counsel. A direct question from either the prosecutor or the circuit court asking whether the defendant admits to the existence of each prior OAR conviction should resolve the issue. We urge the circuit court to include such a question in its colloquy with the defendant at the plea hearing or at sentencing.

This court has determined that the defendant did not admit, either personally or through defense counsel, that he had four prior OAR convictions. The only documentary proof in the record of the defendant's prior OAR convictions is the complaint. However, the complaint does not meet the standard of reliability that we have described for establishing prior OAR convictions, because it is not supplemented with, for example, a DOT teletype or a copy of a judgment of conviction. We therefore conclude that the record in this case is insufficient to support the defendant's sentence as a fifth-time offender under § 343.44(2)(e)1.

Finally, the defendant argues that because the record lacks competent proof of the four prior OAR convictions, that portion of his sentence imposed pursuant to § 343.44(2) penalty enhancements should be commuted. The State disagrees, asserting instead that this court should remand for a new sentencing hearing.

When a court imposes a sentence greater than that authorized by law, Wis. Stat. § 973.13[9] voids the excess

---

[9] Wis. Stat. § 973.13 provides:

portion of the sentence. The sentence is commuted, without further proceedings, to the maximum allowed by statute. *State v. Theriault*, 187 Wis. 2d 125, 132-33, 522 N.W.2d 254 (Ct. App. 1994) (enhanced sentence for repeater is "not authorized by law" and must be commuted when defendant does not admit, and State fails to prove, prior convictions necessary to establish habitual criminal status); *State v. Zimmerman*, 185 Wis. 2d 549, 558, 518 N.W.2d 303 (Ct. App. 1994) (enhanced sentence for repeater is "not permitted by law" and must be commuted when the State fails to prove that an admitted prior conviction occurred within the statutorily-prescribed five-year "lookback" period). The legislative note accompanying the creation of § 973.13 states that "this corrective provision should apply to *all* sentences." § 63, ch. 255, Laws of 1969 (emphasis added). We therefore apply § 973.13 to the sentence imposed in the instant case.

Because the State failed to prove the existence of the defendant's prior OAR convictions, the circuit court erred in sentencing him as a fifth-time OAR offender. The record before us supports only a sentence for a first OAR offense. We therefore reverse and remand to the circuit court, commuting the defendant's sentence to the maximum permitted by law. On remand, the circuit court is directed to enter an amended judgment of conviction consistent with this opinion.

---

**Excessive sentence, errors cured.** In any case where the court imposes a maximum penalty in excess of that authorized by law, such excess shall be void and the sentence shall be valid only to the extent of the maximum term authorized by statute and shall stand commuted without further proceedings.