STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel J. WIDEMAN, Defendant-Appellant-Petitioner.

Supreme Court

*No. 95–0852–CR. Oral argument September 25, 1996.—Decided December 20, 1996.*

(Also reported in 556 N.W.2d 737.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Ruth S. Downs*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Jerome S. Schmidt*, assistant attorney general, with whom on the brief was *James E. Doyle*, atty. general.

SHIRLEY S. ABRAHAMSON, C.J. This is a review of an unpublished decision of the court of appeals, *State v. Wideman*, No. 95-0852-CR, unpublished slip op. (Wis. Ct. App. Aug. 30, 1995), affirming a judgment and order of the circuit court for Winnebago County, William E. Crane and Thomas S. Williams, Judges.[1] The defendant, Daniel J. Wideman, was convicted after a jury trial of operating a motor vehicle while intoxicated (OWI) contrary to Wis. Stat. § 346.63(1)(a) (1991-1992).[2] The circuit court sentenced the defendant as a third-time OWI offender pursuant to Wis. Stat. § 346.65(2)(c), the OWI penalty enhancer.[3] The circuit court denied the defendant's

---

[1] Judge Crane presided at the trial, sentencing and hearing on the motion for postconviction relief. Judge Williams signed the order denying the motion for postconviction relief.

[2] All further references are to the 1991-1992 Statutes unless otherwise indicated.

[3] **346.65   Penalty for violating sections 346.62 to 346.64**

. . . .

**(2)**   Any person violating s. 346.63(1):

(a)   Shall forfeit not less than $150 nor more than $300, except as provided in pars. (b) to (e).

(b)   Shall be fined not less than $300 nor more than $1,000 and imprisoned for not less than 5 days nor more than 6 months if the total number of suspensions, revocations and convictions counted under s. 343.307(1) equals 2 in a 5-year period, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

(c)   Shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total number of suspensions, revocations and convictions counted under s. 343.307(1) equals 3 in a 5-year period, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

motion to vacate the sentence.[4] The court of appeals affirmed the judgment and order of the circuit court. We affirm the decision of the court of appeals.

Two issues of law are presented in this case involving a not guilty plea. We decide these issues independently, benefiting from the analyses of the circuit court and court of appeals: (1) Must the State establish prior suspensions, convictions or revocations under § 346.65(2) in accordance with § 973.12(1)? (2) Is the record prior to the imposition of the sentence in the case at bar, involving a not guilty plea, sufficient to establish the prior suspensions, convictions or revocations under § 346.65(2)(c)?[5] Hereafter we use the phrases "prior offense" or "prior offenses" to refer to suspensions, convictions or revocations described in Wis. Stat. § 343.307(1) which subject a person to the enhanced penalties set forth in § 346.65(2).

■

The parties do not dispute, and we agree, that the State bears the burden of establishing prior offenses as the basis for the imposition of enhanced penalties under § 346.65(2). We hold that the requirements for establishing prior offenses set forth in § 973.12(1) are not applicable to the penalty enhancement provisions

---

[4] The defendant was also convicted of operating a motor vehicle after his license was revoked, third offense, contrary to Wis. Stat. § 343.44(1), (2). The circuit court granted the defendant's postconviction motion to dismiss this conviction. That disposition is not at issue in this case.

[5] Because we conclude that the record prior to the imposition of sentence in this case is sufficient to establish the prior suspensions, convictions or revocations, we decline to address another issue raised, namely whether the State could present proof of these prior suspensions, convictions or revocations at a postsentencing hearing or on remand from an appellate court.

of § 346.65(2).[6] As we explain below, other provisions are relevant to establishing prior offenses under § 346.65(2).

If the accused or defense counsel challenges the existence or applicability of a prior offense, or asserts a lack of information or remains silent about a prior offense, the State must establish the prior offense for the imposition of the enhanced penalties of § 346.65(2) by presenting "certified copies of conviction or other competent proof. . .before sentencing." *State v. McAllister*, 107 Wis. 2d 532, 539, 319 N.W.2d 865 (1982).

We conclude that the record in this case as of the imposition of sentence is sufficient to establish the prior offenses so that the circuit court could impose the penalty enhancer. Accordingly we affirm the court of appeals' decision affirming the circuit court's judgment of conviction and the circuit court's order denying the defendant's motion for postconviction relief.

## I.

For purposes of this review the facts are not in dispute. The defendant was arrested in April 1994 and charged with operating a motor vehicle while intoxicated. The complaint alleged that the charged offense was the defendant's third offense.

---

[6] Unpublished decisions of the court of appeals have reached different conclusions about the applicability of § 973.12 (1) to § 346.65(2). Some decisions conclude that § 973.12(1) is not applicable to § 346.65(2). *See, e.g., State v. Dean*, No. 93-2026-CR, unpublished slip op. (Wis. Ct. App. Jan. 5, 1994). Other decisions conclude that § 973.12(1) is applicable to § 346.65(2). *See, e.g., State v. Miller*, No. 96-0921-CR., unpublished slip op. (Wis. Ct. App. Oct. 1, 1996); *State v. Kasian*, No. 96-0046-CR, unpublished slip op. (Wis. Ct. App. June 12, 1996).

A criminal complaint was supported by a police investigator's affidavit which attested, in pertinent part:

> Complainant further states that he has inspected a teletype of the defendant's driving record received from the State of Wisconsin, Department of Transportation, Division of Motor Vehicles, that your complainant believes the teletype record to be reliable and accurate based upon past professional use of the information, that said teletype record shows that the defendant has been revoked for violation of section 343.305 or convicted for violation of section 346.63(1), Wis. Stats., or local ordinances in conformity with section 346.63(1) two (2) times in the past five years.

The defendant was identified in the complaint by his full name and date of birth. The complaint alleged violation of Wis. Stat. § 346.63(1)(a) and specified the penalty provisions for "a 3rd conviction of this offense" pursuant to Wis. Stat. § 346.65(2).

At the defendant's initial appearance, the circuit court furnished the complaint to the defendant, informed the defendant that "[t]his would make this a third conviction within five years if [he was] convicted," and pointed out the mandatory minimum and maximum penalties prescribed by the enhanced penalty statute. In response to the circuit court's inquiry, the defendant, unrepresented by counsel, stated that he understood. The defendant obtained counsel after his initial appearance.

When the jury returned a verdict of guilty, the circuit court entered judgment and immediately proceeded to sentencing.

At sentencing, the circuit court stated three times that this was the defendant's third conviction and set

out the proper penalty range for a third offense under § 346.65(2). Defense counsel asked the circuit court to deviate from the sentencing guidelines and asked the circuit court to impose "the minimum period of incarceration as well as the minimum fines."

When the circuit court inquired of defense counsel whether the "state of the record" indicated that this was a third conviction on the offense of operating while intoxicated, defense counsel responded affirmatively. The defendant declined to speak in response to the circuit court's invitation to exercise his right of allocution before sentence was pronounced.

The circuit court sentenced the defendant to a fine and 60 days' incarceration, consistent with the third offense provisions of the OWI penalty enhancement statute, § 346.65(2)(c).

With new counsel, the defendant brought a postconviction motion seeking to vacate the enhanced penalty and to impose a sentence consistent with a first OWI offense,[7] arguing that the defendant had not admitted and the State had failed to prove the prior offenses. The defendant urged that because of an inadequate record he should be sentenced as a first offender. At the hearing on the defendant's motion the State, over the defendant's objection, presented a certified copy of the defendant's driving record.

The circuit court denied the defendant's motion for postconviction relief. The circuit court held that even without the certified copy of the defendant's driving record, the record was sufficient for the court to find that the defendant had two prior offenses within the previous five years. Specifically, the circuit court referred to the allegations in the complaint and the

---

[7] A first OWI offense is a civil forfeiture; no incarceration or fine is imposed.

defendant's failure to object any time prior to the imposition of sentence.

The court of appeals affirmed the judgment and order of the circuit court.

## II.

Section 346.65(2) provides for escalating penalties for multiple offenses. Anyone violating § 346.63(1) as a first offense forfeits not less than $150 nor more than $300. For anyone violating § 346.63(1) as a second § 343.307(1) offense in a period of five years, the statute prescribes a fine of not less than $300 nor more than $1000 and imprisonment for not less than five days nor more than six months. For anyone violating § 346.63(1) as a third § 343.307(1) offense in a period of five years, the statute prescribes a fine of not less than $600 nor more than $2000 and imprisonment for not less than 30 days nor more than one year in the county jail. The statute provides graduated penalties for anyone violating § 346.63(1) for the fourth, fifth and subsequent offenses within a five-year period.[8] The graduated penalty structure of § 346.65(2) has been described as "nothing more than a penalty enhancer similar to a repeater statute which does not in any way alter the nature of the substantive offense." *McAllister*, 107 Wis. 2d at 535.

The enhanced penalty provisions of Wis. Stat. § 346.65(2) do not address the manner by which the State is to establish prior offenses at sentencing. The defendant urges the court to apply the requirements of

---

[8] The penalty structure of § 346.65(2) has been amended by 1993 Wis. Act 317.

Wis. Stat. § 973.12(1), the general repeat offender statute,[9] to § 346.65(2).

Section 973.12(1) provides that when a person charged with a crime will be a repeater under § 939.62[10] if convicted, a prior conviction may be alleged in the complaint, the indictment or information or amendments at any time before or at arraignment, and before acceptance of any plea; the accused shall be subject to sentence as a repeater if the prior convictions are admitted by the accused or proved by the State. According to § 973.12(1), an official report shall be prima facie evidence of any conviction or sentence therein reported.

The defendant makes the following arguments for applying § 973.12(1), the general repeater statute, to § 346.65(2), the OWI penalty enhancer: (1) the legislature has not evidenced any intention of mandating lesser proof requirements for OWI repeaters than are mandated under the general repeater provisions of § 973.12(1); (2) public policy does not support any

---

[9] Section 973.12(1) provides as follows:

Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea.. . .If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62. . . . An official report of the F.B.I. or any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported.

[10] Sections 939.62(2) and (3) provide in pertinent part: "The actor is a repeater if he was convicted of a felony. . .[or] of a misdemeanor on 3 separate occasions. . . .'[F]elony' and 'misdemeanor'. . .do not include motor vehicle offenses under chs. 341 to 349."

lesser proof requirements for OWI repeaters compared to repeaters under § 972.12(1); and (3) application of § 973.12(1) requirements would impose no more than a minimal burden on the State.

■

We are not persuaded by the defendant's arguments that § 973.12(1) is applicable to § 346.65(2). First and foremost, the legislature has specifically precluded application of § 973.12(1) to § 346.65(2). Section 939.62(3)(a), which defines a repeater for purposes of § 973.12(1), expressly excludes from the definition of repeater and thus from § 973.12(1) "motor vehicle offenses under chs. 341 to 349."[11]

We would be hard pressed to find a clearer expression of legislative intent. Furthermore, nothing in the legislative history of §§ 346.65(2), 939.62, and 973.12(1) suggests that the legislature contemplated that the proof requirements of § 973.12(1) should be applied to § 346.65(2).

Enhanced penalty provisions for multiple OWI offenses were first introduced in 1929.[12] Minimum penalties were mandated in 1953.[13] Section 346.65(2) and its predecessor OWI penalty enhancer provisions have never specified the manner of proving a prior

---

[11] Motor vehicle offenses set forth in the criminal code are not excluded from § 973.12(1). *See, e.g.,* Wis. Stat. § 940.09 (homicide by negligent use of a motor vehicle); Wis. Stat. § 940.10 (homicide by intoxicated use of a motor vehicle); Wis. Stat. § 940.25 (injury by negligent operation of a motor vehicle); Wis. Stat. § 943.23 (operating without owner's consent).

[12] § 3, ch. 454, Laws of 1929; Wis. Stat. § 85.91(3)(1929-1930).

[13] § 2, ch. 340, Laws of 1953; Wis. Stat. § 85.13(3) (1953-1954).

offense. The legislative drafting files are silent on this issue.

The exclusion of motor vehicle offenses from the general repeat offender statute was introduced in 1950 as part of a revision of the criminal procedure code.[14] This legislation sought "radical" and "self-evident" reforms to the "archaic" general repeater scheme.[15] The drafter lists the motor vehicle exclusion as one of five changes, but offers no reason for the exclusion.[16] Beyond the words of the statutes our knowledge of legislative intent is limited to the following: (1) from 1929 to 1950 multiple motor vehicle offenses were governed by the proof requirements of the predecessor to § 973.12(1), the general repeat offender statute; and (2) although the rationale is not evident, since 1950 the legislature has consistently directed that repeat offenders under chs. 341-349 be excluded from the procedural requirements of § 973.12(1).

The most obvious conclusion that might be drawn from the statutes and legislative history is that the legislature, because of the large number of repeat motor vehicle offenses and the danger posed to the public by such offenses, wanted to facilitate OWI prosecutions by minimizing the State's burden of establishing prior offenses at sentencing hearings. As it stated in § 967.055, the legislature encourages vigorous prosecution of offenses involving the operation of

---

[14] § 171, ch. 631, Laws of 1949; Wis. Stat. § 359.12(1)(b) (1949-1950).

[15] Advisory Committee on Rules of Pleading, Practice and Procedure, Comments on 1949 S.B. 474 § 171, Legislative Reference Bureau drafting file to § 171, ch. 631, Laws of 1949.

[16] William A. Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure*, 1950 Wis. L. Rev. 236, 241 (1950). The drafting file is no more enlightening.

motor vehicles by persons under the influence of intoxicants.

It is possible, as the defendant argues, that the legislature intended to apply the proof requirements of § 973.12(1) to OWI repeat offenses, while exempting OWI offenses from the harsh penalties applicable under the general repeat offender statute. This legislative intention is not, however, discernible from the words of the statutes, the legislative history or other statutory provisions. Accordingly we take the statute at face value and conclude, as the legislature expressly stated, that § 973.12(1) does not apply to § 346.65(2).

The question then remains: Does the purpose of § 346.65(2) in the context of the entire statutory scheme impel the court to conclude that the legislature intended (1) to incorporate in § 346.65(2) the body of law developed under § 973.12(1) regarding the State's establishing a prior offense or (2) to incorporate in § 346.65(2) the body of law other than § 973.12(1) regarding the State's establishing a prior offense? This court has not previously addressed this question.

The court has recognized that §§ 973.12(1) and 346.65(2) are different. In *State v. Banks*, 105 Wis. 2d 32, 45, 313 N.W.2d 67 (1981), the court concluded that "the language of sec. 346.65(2)(a) [now sec. 346.65(2)(c)], differs in nature from that of the general repeater statutes. . . . It is evident that the clear and unambiguous language of [sec. 346.65(2)(c)] clearly manifests the legislature's specific intent that the sanctions of [that statute] be applied in a manner substantially different from repeater penalties in general." In *Banks* the court distinguished provisions within §§ 939.62(2) and 346.65(2) which control whether the prior offense must predate the commission

of the charged offense. *Id.* at 47-50.[17] This distinction would not, however, affect the manner by which the State establishes the existence of a prior offense and would not control the application of the proof requirements of § 973.12(1) to § 346.65(2).

Another distinction between § 939.62(2) and § 346.65(2) is that the former directs that only prior felonies and misdemeanors be counted toward an increased penalty. In contrast, some prior offenses which lead to enhanced penalties under § 346.65(2) are civil forfeitures, or license revocations or suspensions.

Minimizing the differences between the statutes, the defendant relies on *State v. Coolidge*, 173 Wis. 2d 783, 496 N.W.2d 701 (Ct. App. 1993), in which the court of appeals applied the proof requirements of § 973.12(1) to a repeater offense charged under ch. 161, the Uniform Controlled Substances Act. The reasoning in *Coolidge* is not persuasive in the case at bar. Chapter 161 offenses are not excluded from § 973.12(1) as are offenses under chs. 341-349. Furthermore, ch. 161 offenses are more similar to the offenses included within § 973.12(1) than are the excluded chs. 341-349 motor vehicle offenses.

Because the legislature has expressly provided that § 973.12(1) does not apply to chs. 341-49 motor vehicle offenses, we examine other statutory provisions governing the State's burden of establishing a prior offense to determine whether they apply to § 346.65(2).

We begin with the general statutory requirements of a complaint. Section 970.02(1)(a) sets forth the duty of a circuit judge at an initial appearance to furnish an accused with a copy of the complaint which "shall con-

---

[17] The court has noted that the issue in *Banks* "was a limited one, namely the timing of the offenses." *State v. Baker*, 169 Wis. 2d 49, 66, 485 N.W.2d 237 (1992).

tain the possible penalties for the offenses charged therein." An amendment may be made to the complaint pursuant to § 971.29.[18] The provisions governing complaints are applicable to all criminal proceedings, Wis. Stat. § 967.01, and we can find no reason why they should not apply to criminal prosecutions under § 346.65(2).[19]

Next we consult the law, other than § 973.12(1), which bears on the State's establishing a prior offense under § 346.65(2). The court has held that for an accused to be given an enhanced penalty as a repeat OWI offender, the State need not prove the existence of a prior offense as an element of the offense of operating a motor vehicle while intoxicated. *McAllister*, 107 Wis. 2d at 538. Thus, proof of a prior offense need not be submitted to the jury.

Nonetheless, *McAllister* made clear that for the circuit court to impose an enhanced penalty under Wis. Stat. § 346.65(2) the State must establish the prior offense. *McAllister*, 107 Wis. 2d at 539. A prior offense is an element of Wis. Stat. § 346.65(2)(c), the OWI penalty enhancement statute, rather than of Wis. Stat. § 346.63(1), the substantive crime charged.[20]

In *McAllister*, the court stated that prior OWI offenses "may be proven by certified copies of conviction or other competent proof offered by the state before

---

[18] For discussions of the complaint in relation to § 973.12, see *State v. Martin*, 162 Wis. 2d 883, 470 N.W.2d 900 (1991); *State v. Gerard*, 189 Wis. 2d 505, 525 N.W.2d 718 (1995).

[19] *See, e.g., State v. Mudgett*, 99 Wis. 2d 525, 528-29, 299 N.W.2d 621 (Ct. App. 1980)(vacating OWI repeater conviction for failure to follow procedural requirements of § 970.02).

[20] *Compare State v. Ludeking*, 195 Wis. 2d 132, 139-40, 536 N.W.2d 392 (Ct. App. 1995) (interpreting Wis. Stat. §§ 346.63(1) (b) and 340.01(46m) (1993-94)).

sentencing." *McAllister*, 107 Wis. 2d at 539. Further, said the court, "[t]here is no presumption of innocence accruing to the defendant regarding the previous conviction," but the accused must have an opportunity to challenge the existence of the prior offense. *Id.*

If an accused admits to a prior offense that admission is, of course, competent proof of a prior offense and the State is relieved of its burden to further establish the prior conviction. *State v. Meyer*, 258 Wis. 326, 338-39, 46 N.W.2d 341 (1951).

The defendant asserts that under *State v. Farr*, 119 Wis. 2d 651, 659, 350 N.W.2d 640 (1984), any admission must be made personally by the accused. *Farr* requires a personal admission, but only on the basis of § 973.12(1). Because we have concluded that § 973.12(1) does not apply to § 346.65(2), *Farr* does not control the case at bar. The defendant offers no other statute, case law or legal principle that would suggest that defense counsel may not admit prior offenses on the accused's behalf. Nor does he assert that the right to contest a prior offense for purposes of sentencing under § 346.65(2) is a fundamental right such that defense counsel may not speak for the accused. Upon examining our cases relating to those fundamental rights which an accused may only exercise or waive in his or her own behalf and those rights which defense counsel may exercise for the accused, we conclude that defense counsel may, on behalf of the defendant, admit a prior offense for purposes of § 346.65(2).[21]

---

[21] This court has recognized that in the exercise of certain fundamental rights the accused must be addressed personally and must personally state his or her position on the record. Decisions to plead guilty and whether to request a trial by jury are reserved to the accused. *State v. Albright*, 96 Wis. 2d 122, 129-130, 291 N.W.2d 487 (1980)(citing *Boykin v. Alabama*, 395

In allowing the circuit court to address the accused's counsel rather than addressing the accused personally, we rely on counsel to fulfill his or her obligation to investigate the accused's case, including alleged prior offenses. Such an investigation is the minimal obligation of competent representation.[22] Allowing the accused's counsel to respond about a prior offense adequately protects an accused's due process right to a sentence based on legitimate considerations. *State v. J.E.B.*, 161 Wis. 2d 655, 666, 469 N.W.2d 192 (Ct. App. 1991), *cert. denied*, 503 U.S. 940 (1992).

Although the defendant in this case acknowledges that not all criminal defendants need be treated alike, he asserts that the existence of different procedures for establishing prior offenses under §§ 346.65(2) and 973.12(1) implicates due process and equal protection considerations. The defendant asserts that there is no rational basis[23] upon which the legislature could distinguish offenders sentenced under §§ 346.65(2) and 973.12(1).

We conclude that the difference between the two statutes rests upon a rational basis. The nature of OWI

U.S. 238 (1969)); *Adams v. United States ex rel. McCann*, 317 U.S. 269 (1942). *See also State v. Neave*, 117 Wis. 2d 359, 368-72, 344 N.W.2d 181 (1984) (waiver of right to interpreter must be made personally by accused). As to other rights, in the absence of the express disapproval of the accused, counsel's actions and statements may bind the accused. Thus, for example, counsel may waive the accused's right to testify. *Albright*, 96 Wis. 2d at 130.

[22] *State v. Pitsch*, 124 Wis. 2d 628, 638, 369 N.W.2d 711 (1985).

[23] *Hilber v. State*, 89 Wis. 2d 49, 54, 277 N.W.2d 839 (1979); *State v. Chapman*, 175 Wis. 2d 231, 245, 499 N.W.2d 222 (Ct. App. 1993).

offenses and the penalties under § 346.65(2) justify the legislature's imposing on the State different proof requirements than those prescribed by § 973.12(1). Large numbers of OWI offenses are prosecuted. Moreover, in contrast with § 973.12(1), the enhanced penalties under § 346.65(2) are penalties for misdemeanors, with relatively short periods of incarceration and moderate fines. The efficient administration of the justice system militates in favor of the legislature's choice not to require the same method of establishing repeat offenses under § 346.65(2) as under § 973.12(1).

For these reasons we hold that there is no due process or equal protection violation when the legislature imposes different proof requirements for repeat OWI offenders under § 346.65(2) and repeat offenders charged under the general repeater statute, § 973.12(1).

Because we conclude that there was an admission of the prior offenses in this case, as we explain below, we need not comment further on the other methods by which the State may establish prior offenses. *See State v. Spaeth*, 206 Wis. 2d 134, 556 N.W.2d 728 (1996) (addressing competent proof under Wis. Stat. § 343.44).

Nevertheless, further comment is warranted on a related issue. Numerous cases, some of which are cited in the margin at n.6, have arisen challenging the State's proof of a prior offense under § 346.65(2). In reading the court of appeals' decisions on this subject we are persuaded that both the State and defense counsel are often careless in making a record about prior offenses.[24] We urge, as did the court of appeals in the

---

[24] As court of appeals Judge Anderson commented below: "We recognize that prosecutors face many difficult tasks; how-

case at bar, that both the State and defense counsel adopt and follow better practices in the sentencing stage of these penalty enhancement cases.

The State and defense counsel should, prior to sentencing, investigate the accused's prior driving record. The State should be prepared at sentencing to establish the prior offenses by appropriate official records or other competent proof. Defense counsel should be prepared at sentencing to put the State to its proof when the state's allegations of prior offenses are incorrect or defense counsel cannot verify the existence of the prior offenses. The State and defense counsel should, whenever appropriate, stipulate to the prior offenses. If the State and defense counsel follow these suggestions there should be no need for either party to request a continuance of a sentencing proceeding to obtain proof of prior offenses.

In addition to suggesting the above practices for the State and defense counsel, we recommend that before imposing sentence the circuit court make findings based on the record about the exact dates and nature of prior offenses.

### III.

We now turn to whether the record of the sentencing proceeding in the case at bar, involving a not guilty plea, is sufficient to establish the prior offenses under § 346.65(2)(c).

---

ever, properly pleading and proving repeater allegations are not among them." *State v. Wideman,* No. 95-0852-CR, unpublished slip op. at 6, n.2 (Wis. Ct. App. Aug. 30, 1995).

The complaint, although not evidence,[25] when coupled with the circuit court's direct inquiry at sentencing and defense counsel's concessions, was sufficient to inform the defendant of the prior offenses and to establish the prior offenses for purposes of sentencing.[26]

At sentencing the circuit court engaged the defendant and his counsel in the following colloquy:

> [THE COURT]: The jury having returned verdicts of guilty as to each of the two counts in the complaint, it is a finding of guilty and it would be a third conviction on the offense of operating under the influence. Apparently it is a third conviction within five years of operating after revocation. I believe that is what the status of the complaint is. Is that the state of the record?
>
> [DEFENSE COUNSEL]: Yes, your Honor.
>
> [THE COURT]: Then is there anything that should be said before sentence is pronounced or why sentence should not be pronounced at this time?
>
> [DEFENDANT WIDEMAN]: No, your Honor.

Subsequent to this colloquy the defense counsel, in response to the court's noting that "it is a third conviction," stated that he "also believe[d] that [the defendant's] previous offense dated back to 1990 and

---

[25] *State v. Oppermann*, 156 Wis. 2d 241, 246 n.2, 456 N.W.2d 625 (Ct. App. 1990) (the complaint is not evidence); Wis. JI—Criminal 145 (the complaint is not evidence).

Most rules of evidence do not apply in sentencing proceedings. Wis. Stat. § 911.01(4)(c).

[26] According to the record the circuit court furnished the defendant the complaint at his initial appearance. The circuit court then summarized its relevant contents in the defendant's presence.

1989 so he [had] gone a substantial period, almost five years, with no offenses."

According to the defendant, the record demonstrates that the prosecutor did not have the defendant's driving record before him and that defense counsel's comments indicate uncertainty about the prior offenses. Appellate defense counsel reads the record as indicating that defense counsel did not know exactly what the prior offenses were and whether they occurred within the prescribed period. Appellate defense counsel urges that the record is therefore insufficient and that the remedy is imposition of an unenhanced sentence, that is a sentence for a first time offender.

Neither the prosecutor nor defense counsel presented a model sentencing procedure for a § 346.65(2) penalty enhancer. Although marginal, the record in this case is sufficient to establish an admission of the prior offenses. The complaint described the prior offenses and advised the defendant and defense counsel that a penalty enhancement was being sought. After the jury returned its verdict, the circuit court advised the defendant and defense counsel that the offense of which the defendant was found guilty was his third OWI offense and described the statutory penalties for a third-time offender. Defense counsel's responses to the circuit court's inquiries and acknowledgment that sentence as a repeat offender was appropriate constitute an admission under these circumstances and allay any concerns that defense counsel was in doubt that this was the defendant's third offense. An admission is competent proof of a prior offense. *State v. Meyer*, 258 Wis. at 338-39.

Accordingly, we conclude that the circuit court properly denied the defendant's motion for postconvic-

tion relief. We affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.