COURT OF APPEALS
DECISION
DATED AND FILED

October 12, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2186-CR**

Cir. Ct. No. **2020CT1165**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAY G. JACOMET,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed.*

¶1 GUNDRUM, P.J.[1] Jay G. Jacomet appeals from a judgment of conviction for operating a motor vehicle while intoxicated (OWI), third offense,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

entered upon his guilty plea after the circuit court denied his motion to suppress evidence. Jacomet asserts the court erred in denying his motion. His only somewhat sufficiently developed legal issue on appeal is that the arresting officer lacked reasonable suspicion to temporarily detain him for the OWI investigation that led to his arrest and conviction. We disagree and affirm.

## *Background*

¶2 The officer who arrested Jacomet was the only witness to testify at the evidentiary hearing on his suppression motion. The officer's relevant testimony is as follows.

¶3 Around 10:02 p.m. on Friday, November 6, 2020, the officer received a dispatch informing him that a Western Lakes Fire District employee called in and stated he/she observed a white Cadillac SUV pull into a local gas station; the male subject who exited the Cadillac went into the store and had difficulty standing and talking; and the district employee believed the subject was intoxicated. The subject re-entered his vehicle and left the station, with the employee following. The employee observed the Cadillac cross the center line, and the employee continued following it until it pulled into the driveway at 970 South Waterville Road at 10:05 p.m. The employee also provided the Cadillac's license plate number.

¶4 The officer arrived at 970 South Waterville Road at 10:09 p.m., so within four minutes of the Cadillac pulling in the driveway. As the officer drove up the driveway, he observed the garage door was open with a light on inside the garage. A male, who later identified himself as Jacomet, was walking in front of the garage, and a white Cadillac SUV with a license plate number matching that provided by the employee was parked next to the garage.

2

¶5     The officer made contact with Jacomet and observed "that his speech was significantly slurred and that there was a strong odor of intoxicants" coming from his breath.  Jacomet acknowledged the white Cadillac SUV in the driveway belonged to him and he had driven it to the gas station.  The officer directed Jacomet to perform field sobriety tests, ultimately leading to his conviction for OWI, third offense.  Jacomet now appeals, challenging the circuit court's denial of his suppression motion.

## *Discussion*

¶6     Jacomet contends the officer lacked reasonable suspicion to temporarily detain him for the OWI investigation, specifically, to have Jacomet perform the field sobriety tests that led to his arrest and conviction.  We disagree.

¶7     Addressing this issue requires us to apply constitutional principles to undisputed facts, which is a matter of law we review independently.  ***State v. Spaeth***, 206 Wis. 2d 135, 139, 556 N.W.2d 728 (1996).

¶8     "A law enforcement officer may detain an individual for investigative purposes if reasonable suspicion ... of criminal activity exists."  ***State v. Rose***, 2018 WI App 5, ¶14, 379 Wis. 2d 664, 907 N.W.2d 463 (2017).  Reasonable suspicion requires that an officer have more than just an "inchoate and unparticularized suspicion or hunch," ***State v. Post***, 2007 WI 60, ¶10, 301 Wis. 2d 1, 733 N.W.2d 634 (citation omitted); rather, an officer must possess specific and articulable facts which, taken together with rational inferences from those facts, warrant a reasonable belief that the person being stopped has committed, is committing, or is about to commit an offense, *id.*, ¶¶10, 13.  In determining whether an officer had reasonable suspicion, we must consider what a reasonable officer would have reasonably suspected given his or her training and experience.

*State v. Waldner*, 206 Wis. 2d 51, 56, 556 N.W.2d 681 (1996). We must look at the totality of the circumstances taken together. *Id.* at 58. As facts accumulate, reasonable inferences about their cumulative effect can be drawn. *Id.*

¶9 At the time he directed Jacomet to perform field sobriety tests—and thus began the temporary detention of Jacomet—the officer was aware of the following: (1) a reliable caller had reported to dispatch observing a male driver of a white Cadillac SUV who had difficulty standing and talking and appeared to be intoxicated; (2) the caller reported observing the driver of the Cadillac subsequently crossing the center line; and (3) Jacomet was the male driver the caller had called about and, just minutes later, the officer personally observed Jacomet with significantly slurred speech and a strong odor of intoxicants coming from his breath. In addition, it was around 10:00 p.m. on a Friday night, and our supreme court has stated that time of day "does lend some further credence" to an officer's suspicion of intoxicated driving, *Post*, 301 Wis. 2d 1, ¶36, and "[i]t is a matter of common knowledge that people tend to drink during the weekend when they do not have to go to work the following morning," *State v. Lange*, 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d 551. Based upon these facts, we have no problem concluding that when the officer temporarily detained Jacomet for field sobriety tests, he had reasonable suspicion that Jacomet had been operating his motor vehicle while intoxicated, thus legally justifying the detention.

¶10 Under the totality of the circumstances, a reasonable officer with the knowledge the officer here possessed prior to directing Jacomet to perform field sobriety tests would have reasonably suspected Jacomet had been operating his motor vehicle while intoxicated. *See Post*, 301 Wis. 2d 1, ¶13; *State v. Colstad*, 2003 WI App 25, ¶¶19-21, 260 Wis. 2d 406, 659 N.W.2d 394. As a result, his

temporary detention for that purpose was lawful, and his motion to suppress evidence related to that detention was properly denied by the circuit court.[2]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] Jacomet suggests legal issues related to the officer driving up the driveway despite "No Trespassing" signs in the vicinity and related to the officer being, as Jacomet asserts it, in the "curtilage" of the property. Jacomet, however, fails to develop any legal arguments on these points and thus we consider them no further. *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments."); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court may decline to review issues that are insufficiently briefed or unsupported by legal authority); *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for the parties.).