STATE of Wisconsin, Plaintiff-Appellant,†

v.

Peter J. SCHAAB, Defendant-Respondent.

Court of Appeals

*No. 99–2203–CR. Submitted on briefs May 18, 2000.—Decided August 9, 2000.*

## 2000 WI App 204

(Also reported in 617 N.W.2d 872.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael G. Artery*, of *Michael G. Artery and Associates* of Delavan.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. The State appeals from a circuit court order affirming a magistrate's refusal at a preliminary hearing to bind over Peter J. Schaab on a charge of bail jumping. The State argues that the evidence adduced at the preliminary hearing demonstrated probable cause that Schaab had intentionally failed to comply with a term of his bond pursuant to WIS. STAT. § 946.49(1)(b) (1997–98).[1] We disagree. We affirm the order dismissing the complaint.

---

[1] All references to the Wisconsin Statues are to the 1997–98 version.

## BACKGROUND

¶ 2. The relevant facts are not disputed. On October 6, 1998, Schaab was charged with various felony and misdemeanor charges. On October 15, Schaab was released on bond with a condition that he have no contact with various individuals, including Christopher Krerowicz. On October 30, this condition of bond was modified to allow Schaab to have "incidental contact at work" with Krerowicz. At the time of this modification, both Schaab and Krerowicz worked at Shoney's restaurant. On January 6, 1999, the State filed the information which charged Schaab with two felonies and one misdemeanor. On February 26, Schaab pled guilty to one of the felonies and the other two charges were dismissed and read in. Sentencing was scheduled for April 15. Schaab remained at liberty under the existing bond conditions, including the conditional "no contact" provision regarding Krerowicz.

¶ 3. On March 25, 1999, Detective David Fladten of the Walworth County Sheriff's Department was present at Shoney's for purposes of obtaining Krerowicz's address. While there, Fladten observed two men sitting in a booth in the restaurant. Fladten did not recognize either of the men. While Fladten watched, the men exited the restaurant together and stood near the open door of a car. Fladten spoke with the manager of the restaurant who stated that the two men were Schaab and Krerowicz. Later, Fladten reported this information to the district attorney's office. As a result, Fladten learned of the condition of bond in Schaab's pending case.

¶ 4. The following day, Fladten contacted Schaab at the Sweet Aroma restaurant where Schaab was then working. During this conversation, Fladten learned that Schaab was no longer working at Shoney's.

Fladten asked Schaab about his contact with Krerowicz at Shoney's the previous day. Schaab admitted to the contact but stated that he believed he could have contact with Krerowicz at work. Schaab also explained that both his mother and sister worked at Shoney's and that he had occasional contact with them there. Schaab stated that when Fladten saw him with Krerowicz, he was at Shoney's to pick up some keys from his mother.

¶ 5. Based on Fladten's investigation and observations, the State charged Schaab with bail jumping by intentionally failing to comply with a condition of his bond while released on a felony charge pursuant to WIS. STAT. § 946.49(1)(b).[2] The ensuing preliminary hearing established the facts we have just recited. At the close of the evidence, the magistrate questioned whether the "at work" language in the bond referred to contact at the location of Krerowicz's work or contact occasioned by the activity of working. The State responded that the phrase was intended to cover the latter situation, meaning that Schaab was permitted to contact Krerowicz only while Schaab was working at Shoney's. The State said that this interpretation was supported by language of the bond condition when read in the context it was created. The magistrate disagreed with the State's interpretation. The magistrate held that the language on its face was broad enough to take in the contact demonstrated by the facts of the case and that the evidence demonstrated that Schaab's contact with Krerowicz was incidental. Based on that finding, the magistrate concluded that the State had failed to establish probable cause and dismissed the complaint.

---

[2] The complaint alleged a further count of bail jumping based upon Schaab's alleged failure to provide the clerk of courts with written notice of his change of address. That matter is not before us.

¶ 6. The State brought a motion in the circuit court challenging the magistrate's ruling. After reviewing the preliminary hearing evidence, the circuit court affirmed the magistrate's finding that the evidence did not establish probable cause. The State appeals to this court.

## STANDARD OF REVIEW

¶ 7. Our review of a circuit court's review of a magistrate's probable cause determination at a preliminary hearing is de novo. *See State v. Johnson*, 231 Wis. 2d 58, 66, 604 N.W.2d 902 (Ct. App.), *review denied*, 231 Wis. 2d 375, 607 N.W.2d 291 (Wis. Dec. 20, 1999) (No. 98–2881–CR). At the preliminary hearing, probable cause is satisfied "when there exists a believable or plausible account of the defendant's commission of a felony." *State v. Dunn*, 121 Wis. 2d 389, 398, 359 N.W.2d 151 (1984). In reviewing a probable cause determination, we look to see whether there was any substantial ground for the exercise of the magistrate's judgment. *See State ex rel. Funmaker v. Klamm*, 106 Wis. 2d 624, 629, 317 N.W.2d 458 (1982).

## ANALYSIS

¶ 8. The State contends that the magistrate failed to properly apply the test outlined in *Dunn*. The State reasons that the evidence at the preliminary hearing supported a reasonable inference that Schaab committed a felony, namely bail jumping, by failing to comply with the "no contact" provision in the bond.

¶ 9. The three elements of bail jumping were set forth in *State v. Dawson*, 195 Wis. 2d 161, 170–71, 536 N.W.2d 119 (Ct. App. 1995):

[B]efore a defendant may be found guilty of the offense of bail jumping under § 946.49(1), STATS., the State must prove . . . the following three elements: first, that the defendant was either arrested for, or charged with, a felony or misdemeanor; second, that the defendant was released from custody on a bond, under conditions established by the trial court; and third, that the defendant intentionally failed to comply with the terms of his or her bond, that is, that the defendant knew of the terms of the bond and knew that his or her actions did not comply with those terms.

¶ 10. Only the third element is at issue in this case. At the preliminary hearing, the magistrate spoke to this element, asking the State to clarify the meaning of the "at work" bond condition. The State argued that the meaning of the phrase should be measured from the "language on its face" and the "context in which the bond condition was ordered." Based on this approach, the State reasoned that the condition allowed Schaab to contact Krerowicz only when Schaab was working at Shoney's. Once Schaab left his employment at Shoney's, the State contends that any contact with Krerowicz was forbidden, functionally reinstating the absolute bar of any contact with Krerowicz under the original bond condition.

¶ 11. The magistrate, however, held that a reasonable reading of the "at work" provision covered contact not only when both Schaab and Krerowicz were working at Shoney's, but also when only Krerowicz was working there, so long as the contact was incidental. Based on this reading of the "incidental contact at work" provision, the magistrate found:

[There] is no fact and no record to indicate the contact was anything but incidental. The testimony is

that Schaab came there to get keys from his mother, he did have contact with [Krerowicz] on the premises of Shoney's; it is [Krerowicz's] place of employment. And that, I think, . . . is within the context of at work.[3]

¶ 12. The State disputes the magistrate's interpretation of the bond condition. The State likens the bond condition to a contract and urges us under contract law to look to the intent of the parties when construing the language of the bond. Under this approach, the State structures the following argument. The original bond condition barred Schaab from any contact with Krerowicz. Since both Schaab and Krerowicz were then working at Shoney's, Schaab's continued employment would place him in violation of this condition. So Schaab obtained a relaxation of this condition to allow incidental contact with Krerowicz while both were working at Shoney's. Since Schaab was no longer employed at Shoney's at the time of the contact in this case, the purpose of the modified bond condition no longer existed. Thus, when Schaab encountered Krerowicz at Shoney's on March 25, 1999, he was in violation of the bond condition and he knew of such violation. At a minimum, the State contends that it has established a competing inference of such violation under *Dunn*.

¶ 13. We have no quarrel with the State's interpretation of the historical record in this case. However,

_____

[3] The magistrate also expressed doubt about "whether or not the defendant has had sufficient notice to know what behavior was prohibited. . . ." However, we do not read the magistrate's ultimate ruling to rest on this ground. Rather, the magistrate determined that Schaab's contact with Krerowicz was incidental and therefore not a violation of the bond condition.

this begs the threshold question as to the scope of the prohibition set out in the *language* of the bond condition. We must first answer this question before we get to the *Dunn* level of the discussion. The *Dunn* test allows for the drawing of reasonable inferences from *the facts* adduced at a preliminary hearing, and *Dunn* favors the State when the facts reveal competing reasonable inferences. *See Dunn*, 121 Wis. 2d at 398. But we do not read *Dunn* to allow a magistrate to bind a defendant over for trial on a bail jumping charge where the defendant's conduct does not violate the terms of the bond. This is so even though the defendant may have subjectively believed that the conduct was a violation of the bond condition.

¶ 14. This is why the contract approach urged by the State is unsatisfactory. The cases cited by the State address the liability of a surety where the government is seeking forfeiture of the bail. *See Allied Fidelity Ins. Co. v. State*, 664 P.2d 1322 (Wyo. 1983); *State v. Braun*, 100 Wis. 2d 77, 301 N.W.2d 180 (1981). Under those circumstances, we can well understand the contract law approach taken by those courts. But here we are not concerned with a surety's liability. Rather, the issue is the meaning and scope of a bond condition that *forms the basis for a criminal charge*. Thus, the threshold question is not whether the evidence plausibly establishes that Schaab believed that he was violating the condition when he contacted Krerowicz. Rather, the question is whether the prohibition in the bond condition itself covered Schaab's conduct in this case.

¶ 15. The bond condition permitted Schaab to have incidental contact with Krerowicz "at work." We agree with the magistrate that this language is so broadly phrased that it extended not only to contact between Schaab and Krerowicz when Schaab was

working at Shoney's, but also to such contact when only Krerowicz was working there. Thus, the question narrows to whether the contact was incidental. And on this point, the evidence is not in dispute. The evidence did not contend or reasonably suggest that Schaab prearranged his encounter with Krerowicz. To the contrary, the evidence established, and the magistrate found, that Schaab went to Shoney's to pick up keys from his mother who worked there. This evidence established that the contact with Krerowicz was incidental and there is no reasonable inference to the contrary.[4]

¶ 16. Even though the State receives the benefit of competing inferences under *Dunn*, it still carries the burden of proof at a preliminary hearing. The State's case falters on this latter point because no evidence, nor any reasonable inferences drawn therefrom, plausibly established that Schaab's conduct violated the language recited in the bond condition.

## CONCLUSION

¶ 17. We agree with the magistrate's determination that the State failed to establish probable cause at the preliminary hearing. We affirm the circuit court order upholding the magistrate's ruling and dismissing the criminal complaint.

---

[4] Even if Schaab's contact with Krerowicz were incidental, the State argues that Schaab's conversing with Krerowicz and exiting the restaurant with him was not incidental. We view this as too fine a splitting of hairs and too narrow a view of the concept of "contact." The bond condition allowed for contact between Schaab and Krerowicz. Contact is defined in part as "an establishing of communication with someone" and "to get in communication with." WEBSTER'S COLLEGIATE DICTIONARY 249 (10th ed. 1997).

*By the Court.*—Order affirmed.