BLANCHARD, J.[1]
¶1 Melodie Taylor appeals a judgment of conviction, following a jury trial, for misdemeanor bail jumping, contrary to WIS. STAT. § 946.49(1)(a). Taylor effectively makes a single, narrow argument. She contends that, for the State to prevail on the misdemeanor bail jumping charge against her, it had to show that she had been charged with the underlying misdemeanor offense in a criminal complaint, and that the State failed to make that showing. I conclude, based on case law, that on this narrow issue it was sufficient for the State to allege and prove a release from custody under Chapter 969 following an arrest. Accordingly, I affirm.
¶2 The State charged Taylor in this case with committing the following violation on July 9, 2017: "having been arrested for a misdemeanor and having been released from custody under [ WIS. STAT. ch.] 969," she "intentionally fail[ed] to comply with the terms of her bond, contrary to [ WIS. STAT. §] 946.49(1)(a)."[2] The complainant was a Platteville police officer. The officer alleged that he had observed a $150 cash bond dated June 24, 2017, signed by Taylor, under which she had been released "after her arrest."[3] One condition of the bond was that Taylor not consume alcohol. The bond gave her a court date of July 24, 2017, to appear on the underlying charge. The bail jumping complaint further alleged that on July 9, 2017, a different Platteville officer responded to a report of a domestic disturbance, and that Taylor told the responding officer that she had been drinking before the officer's arrival. The bail jumping complaint further alleged that Taylor appeared intoxicated to the responding officer.
¶3 Taylor filed a motion to dismiss the bail jumping complaint on the ground that WIS. STAT. § 946.49(1)(a) speaks exclusively in terms of an "offense with which the person is charged ," and not in terms of an "offense for which the person was arrested ." The circuit court rejected this argument based on statutory analysis. Taylor was convicted at a jury trial.
¶4 In this appeal, Taylor makes arguments that are resolved by the answer to this question: In a misdemeanor prosecution under WIS. STAT. § 946.49(1)(a), is the State required to prove that, before the alleged act of bail jumping, the defendant had been charged in a criminal complaint with the underlying alleged misdemeanor, or instead is it sufficient, on this narrow issue, for the State to prove that the defendant had been released from custody under Chapter 969 after an arrest for the underlying alleged misdemeanor?
¶5 "The proper interpretation of a statute and case law raises questions of law that we review de novo." State v. Starks , 2013 WI 69, ¶28, 349 Wis. 2d 274, 833 N.W.2d 146.
¶6 Taylor does not dispute that the State presented sufficient evidence at trial to show that she was arrested for the misdemeanor of disorderly conduct, see WIS. STAT. § 947.01(1), and then released under WIS. STAT. ch. 969 on a bond with a no-drinking condition, which she signed. Nor does she dispute that the State presented sufficient evidence to show that the responding officer obtained evidence that she had consumed alcohol. For its part, the State does not dispute that, at the time of the alleged bail jumping, Taylor had been arrested but had not been charged in a criminal complaint in connection with the alleged underlying misdemeanor conduct.
¶7 Taylor fails to cite to any published authority in support of her argument focusing on the term "charged." To repeat, her narrow argument is that the predicate event referred to in WIS. STAT. § 946.49(1)(a) is that the defendant has been "charged," meaning named in a criminal complaint by a district attorney, and not merely arrested by police.
¶8 Although neither side refers to the case law, I resolve this appeal based on the following definition established in Wisconsin case law:
There are three elements that must be met for a conviction of bail jumping: (1) the individual must have been arrested for, or charged with, a felony or misdemeanor; (2) the individual must be released from custody on bond; and (3) the individual must have intentionally failed to comply with the terms of his or her bond. See State v. Dawson , 195 Wis. 2d 161, 170-71, 536 N.W.2d 119 (Ct. App. 1995) ; see also Wis JI-Criminal 1795 ( Rel. No. 34-12 /95).
State v. Hansford , 219 Wis. 2d 226, 244, 580 N.W.2d 171 (1998) (emphasis added); see also State v. Schaab , 2000 WI App 204, ¶9, 238 Wis. 2d 598, 617 N.W.2d 872 (explaining that "[t]he three elements of bail jumping were set forth in" Dawson ). For the arrested-or-charged formulation, Dawson relies in part on State v. Harris , 190 Wis. 2d 718, 723, 528 N.W.2d 7 (Ct. App. 1994) (stating as first element "that the defendant has been arrested for or charged with a misdemeanor") (emphasis added). See Dawson , at 170-71 & n.7.
¶9 As Dawson makes clear, Chapter 969 contemplates the circumstance in which (1) police place a person in custody based on alleged misdemeanor conduct; (2) the person is released upon executing an unsecured appearance bond; and (3) the person violates a condition of the bond and thereby becomes subject to a misdemeanor bail jumping charge-regardless of whether a district attorney has issued a criminal complaint on the underlying misdemeanor. See id. , 169-71; see also WIS. STAT. § 946.49(1) ("Whoever, having been released from custody under ch. 969 , intentionally fails to comply with the terms of his or her bond ....") (emphasis added). Explaining further, a bond is "an undertaking either secured or unsecured entered into by a person in custody by which the person binds himself or herself to comply with such conditions as are set forth therein." WIS. STAT. § 967.02(1h). Here, it is undisputed that the State presented evidence that Taylor "made bond" on the underlying misdemeanor by signing it. This committed her to follow its conditions, regardless of whether she had been named in a criminal complaint. See State v. Dewitt , 2008 WI App 134, ¶17, 313 Wis. 2d 794, 758 N.W.2d 201 (Defendant "was able to make bond on the misdemeanor simply by signing it, and he therefore committed himself to its conditions").
¶10 This resolves against Taylor her only argument, namely, that " WIS. STAT. § 946.49(1)(a) requires a person to be charged with a misdemeanor." (Alteration in original.)
By the Court .-Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wisconsin Stat. § 946.49 provides in pertinent part:
(1) Whoever, having been released from custody under ch. 969, intentionally fails to comply with the terms of his or her bond is:
(a) If the offense with which the person is charged is a misdemeanor, guilty of a Class A misdemeanor.

The bail jumping complaint implies, but does not explicitly state, that Taylor had been released on bond following her arrest for an unspecified misdemeanor offense. Taylor does not argue that this is a ground for reversal. Moreover, Taylor does not dispute that the State proved at trial that she was arrested for disorderly conduct, which is a misdemeanor. See Wis. Stat. § 947.01(1).